Knox, Executrix, etc., vs. Knox and others.

*November 27, 1883 — January 8, 1884.*

*Construction of Wills — Precatory Trusts.*

1. Words of recommendation, entreaty, or wish, addressed by a testator to a devisee or legatee of property willed to him in absolute terms, suffice to constitute a precatory trust, where the subject and object of the trust are clearly pointed out, and the words used, construed by the primary rule that the intent must govern, show that the testator meant them to control the conduct, not merely to bear upon the discretion, of the devisee or legatee; and such trusts are valid.

2. A will contained the following clause: " I give, devise, and bequeath unto my wife, M., her heirs and assigns forever, all my real and personal estate, . . . having full confidence in my said wife, and hereby *request* that, at her death, she will divide equally . . . between my sons and daughters [naming them] *all the proceeds* of my said property, real and personal, . . . hereby bequeathed." *Held,*

    (1) The words "all the proceeds," etc., mean the entire body of the estate, subject to such sales and conversions thereof as necessity or the interest of the parties might require.

    (2) The widow takes, under the will, a life estate in the property, coupled with a trust as to the remainder in favor of the children.

APPEAL from the Circuit Court for *Milwaukee* County.

The case is thus stated by Mr. Justice TAYLOR:

" This action was brought in the circuit court of Milwaukee county by the widow and executrix of the deceased, Thomas Knox, against the children of said deceased, to obtain a construction of the last will and testament of said deceased. The will was duly probated in the county court of said county, and letters testamentary were duly issued to the plaintiff. The plaintiff in her complaint sets out the will of her husband at length, and claims that the proper construction of the same gives her the entire estate absolutely, and that no part of it is given to her in trust for the benefit of the children of the deceased. On the part of those of the defendants who filed answers to the complaint, it is claimed that the proper construction of the will gives the widow a life estate in all the property of the deceased husband and father, and that she takes the remainder in trust for the children. The learned circuit judge construed the will as claimed by the defendants, giving a life estate to the widow with remainder in trust for the children, and entered the following judgment in the case:

" ' This cause came on to be heard at this term upon the complaint and upon the answers of the defendants *Mary Ann McMahon* and *Kate L. Decker*, respectively, and was argued by counsel for the respective parties; and thereupon the court, being well and sufficiently advised of and concerning the same, it is hereby ordered and adjudged that, according to the terms and true meaning and intent of the will of Thomas M. Knox, deceased, mentioned and set forth in the complaint herein, all the real and personal estate, money, tax certificates of sale, goods, chattels, and all other his worldly substance, of every nature and kind whatever, of which the said Thomas M. Knox died seized or possessed, were given, devised, and bequeathed, in and by his said will, to his wife, the complainant, *Mary Ann Knox*, for her life, with power of sale thereof, and with the right to apply only

the net rents, income, and profits of said estate, and of the proceeds or avails of the same during her life, to her own use.

"'It is further adjudged that by and under the said will the said *Mary Ann Knox* is made trustee of the capital of the said property and estate of the said testator, so given, devised, and bequeathed to her, and of the proceeds or avails thereof, for the benefit of the children of the said testator named in said will, with the power and duty to divide the same by will or otherwise, at her death, among the said children, in equal shares, and that she, the said *Mary Ann Knox*, has not the right or power, under the said will, to divert any part of the said capital, or of the avails or proceeds of said property and estate of said testator from his said children, or in the disposition of the same to prefer the said children one above another, but she is authorized to have, use, and enjoy, as her own, only the net rents, income, and profits of said capital, or of the avails or proceeds of said estate, during her natural life, as the owner of a life interest and estate therein, holding the said capital and the avails as proceeds of said estate in trust for the children named in the said will as aforesaid.

"'And it is further ordered and adjudged that the said will be construed and carried into effect accordingly.'

"From that judgment the widow and executrix appeals to this court, and here makes the same claim she did in the circuit court, viz., that she is entitled, by the terms of the will, to the whole of the estate of her husband absolutely.

"There were no proofs taken in the court below. The case was submitted to the judgment of the court upon the complaint and answers. The complaint makes no statement as to the value of the estate of the deceased, but alleges that all the debts of the deceased have been paid by her, making no statement as to their amount. The answer of the defendant *Mary McMahon* alleges that the real estate of the deceased

was large and productive, and that the personal estate was of the value of $35,000.

"The following is the part of the will upon which the construction of the court is invoked:- ' I give, devise, and bequeath unto my wife, *Mary Ann Knox*, her heirs and assigns forever, all my real and personal estate, money, tax certificates of sale, goods, chattels, and all other my worldly substance, of every nature and kind whatever, of which I may die seized or possessed, having full confidence in my said wife, and hereby request that at her death she will divide equally, share and share alike, in equal portions, as tenants in common, between my sons and daughters, *Thomas M. Knox, Jr., Richard C. Knox, Barclay Sidney Knox, John Knox, Mary Ann McMahon*, now of Greensboro, North Carolina, and *Kate L. Decker*, the wife of Myron A. Decker, all the proceeds of my said property, real and personal, goods and chattels, hereby bequeathed.' "

For the appellant there were briefs by *Ordway & Hoyt*, and oral argument by *Mr. Ordway*. They contended that the words of gift in the will are absolute, and the words of request, taken in their ordinary sense, are not strong enough to cut down the absolute gift into a trust; and that the entire will, construed by the usual rules, vests a fee. *Pennock's Est.*, 20 Pa. St., 280; Story's Eq. Jur., secs. 1069–70; *Sale v. Moore*, 1 Sim., 540; 2 Redfield on Wills (3d ed.), 423; 1 Jarman on Wills (5th ed.), 388–92, 396, 405; *Van Duyne v. Van Duyne*, 14 N. J. Eq., 400; *Burt v. Herron*, 66 Pa. St., 401; *Hambright's Appeal*, 2 Grant's Cas., 320; *Jauretche v. Proctor*, 48 Pa. St., 466; *Cox v. Rogers*, 77 id., 160; *Fox's Appeal*, 99 id., 382; *Rona v. Meier*, 47 Iowa, 609; *Spooner v. Lovejoy*, 108 Mass., 532; *Hess v. Singler*, 114 id., 56; *Clark v. Leupp*, 88 N. Y., 230; *Lamb v. Eames*, L. R. 10 Eq., 271; *McKim v. Harwood*, 129 Mass., 76; *G. B. & M. Canal Co. v. Hewitt*, 55 Wis., 96; Perry on Trusts (2d ed.), 119, sec. 115; *Webb v. Wools*, 2 Sim. (N. S.), 267; *Foose v. Whit-*

*more*, 82 N. Y., 406; *Meredith v. Heneage*, 1 Sim., 558; *Helmer v. Shoemaker*, 22 Wend., 139; *Gilbert v. Chapin*, 19 Conn., 348; *Williams v. Worthington*, 49 Md., 572; *S. C.*, 33 Am. Rep., 286; *Mackett v. Mackett*, L. R. 14 Eq. Cas., 53; *Straub's Appeal*, 1 Pa. St., 89; *Parnell v. Parnell*, L. R. 9 Ch. Div., 96; Theobald on Wills (2d ed.), 380*c*, 381*a*; *Sears v. Cunningham*, 122 Mass., 538; *Jones v. Jones*, 25 Mich., 401; *Thomson's Appeal*, 89 Pa. St., 36; *Nichols v. Allen*, 130 Mass., 217; *Bristol v. Austin*, 40 Conn., 447.

For the respondents there was a brief by *Stark & Brand*, and oral argument by *S. U. Pinney*. As to the construction of wills according to the intent, the circumstances, and the entire will, they cited: 3 Jarman on Wills (5th ed.), 704, 705, 707; *Saylor v. Plaine*, 31 Md., 158; *Austin v. Bristol*, 40 Conn., 120; *Smith v. Bell*, 6 Pet., 75; *Est. of Eastman*, 24 Wis., 560; *Golder v. Littlejohn*, 30 id., 350; *Est. of Goodrich*, 38 id., 496; *Boyd v. Strahan*, 36 Ill., 355; *Horwitz v. Norris*, 60 Pa. St., 281; *Brasher v. Marsh*, 15 Ohio St., 108; *Hoxie v. Hoxie*, 7 Paige, 192. The doctrine of precatory trusts is founded on the rule that the intent governs. 2 Hill on Trustees (3d Am. ed.), 107; *Knight v. Knight*, 3 Beav., 172; 1 Jarman on Wills (5th ed.), 681-694, 780; *Williams v. Williams*, 1 Sim. (N. S.), 358; 1 Redfield on Wills, 699-713; Perry on Trusts, secs. 112 *et seq.;* Hill on Trustees, 73; Williams on Ex'rs, 143, note *y;* Story's Eq. Jur., secs. 1068 *et seq.; Harding v. Glynn*, L. C. in Eq., Vol. 2, Pt. II, 1833 [*946]; Theobald on Wills, 249, 250. The American cases generally sustain such trusts. *Harrisons v. Harrison's Adm'x*, 2 Grat., 1; *Steele v. Levisay*, 11 id., 454; *Lucas v. Lockhart*, 10 Sm. & Marsh., 466; *Collins v. Carlisle's Heirs*, 7 B. Mon., 13; *Erickson v. Willard*, 1 N. H., 217; *Hollister v. Shaw*, 46 Conn., 248; *Finlay v. Fellows*, 14 Grant's Ch., 66; *Cook v. Ellington*, 6 Jones' Eq., 371; *Vandyck v. Van Buren*, 1 Caines, 84; *Stableton v. Ellison*, 21 Ohio St., 527; *Cockrill v. Armstrong*, 31 Ark., 580; *Wirt v. Cannon*, 4

Coldw., 121; *Warner v. Bates*, 98 Mass., 274; *Bohon v. Barrett's Ex'r*, 79 Ky., 378; *Eddy's Ex'r v. Hartshorne*, 34 N. J. Eq., 419; *Houdley v. Wrightson*, 16 Reporter, 433; *Clark v. Jacobs*, 56 How. Pr., 520; *Schmucker's Est. v. Reel*, 61 Mo., 592; *Van Amee v. Jackson*, 35 Vt., 173; *Hunter v. Stembridge*, 12 Ga., 192; *Van Duyne v. Van Duyne*, 15 N. J. Eq., 503, reversing *S. C.*, 14 id., 400; *Ward v. Peloubet*, 2 Stockt. Ch., 304. See, also, *Le Marchant v. Le Marchant*, L. R. 18 Eq., 414; *Curnick v. Tucker*, 7 Eng. (Moak), 845; *Hart v. Tribe*, 18 Beav., 215; *Gully v. Cregoe*, 24 id., 185; *Shovelton v. Shovelton*, 32 id., 142; *Ware v. Mallard*, 16 Jur., 492. The words, "all the proceeds of my said property," etc., were used by the testator to mean the capital or principal of the property. See *Haven v. Gray*, 12 Mass., 71; *Whitney v. Am. Ins. Co.*, 3 Cow., 210; 1 Phil. on Ins., 179; *Cate v. Cranor's Ex'r*, 30 Ind., 292; *Hearne v. Wigginton*, 6 Madd., 119.

In reply, appellant's counsel argued that the doctrine of precatory trusts is unsound, stands only on authority, and should be overruled in this state, and that even if allowed to stand does not apply to the case at bar, citing, besides prior citations: *Heneage v. Andover*, 90 Price, 230; *Wright v. Atkyns*, 1 Ves. & B., 315; 1 Jarman on Wills (5th ed.), 405; *Areson v. Areson*, 3 Denio, 458; *Knott v. Cottee*, 2 Phill., 192; *Hardwicke v. Douglas*, 7 Cl. & Fin., 815; *Wynne v. Hawkins*, 1 Bro. C. C., 179; *Shipperdson v. Tower*, 1 Younge & Coll. N. C., 442; *Covenhoven v. Shuler*, 2 Paige, 129.

TAYLOR, J. The two important questions to be considered in the construction of the provisions of the will above quoted are: *First*, Has the testator in his expressed request in said will clearly pointed out the persons whom he desired should be the recipients of his bounty, and has he clearly defined the part of his estate which he desired they should receive? and, *second*, Does the language used by him clearly show

that he intended it to be obligatory upon his wife to whom he had devised all his property in fee, and not merely advisory? The learned counsel for the respective parties have in their briefs and their oral arguments in this court discussed these questions in all their bearings, and have cited and commented upon most of the leading cases in the English courts and the courts of this country, bearing upon them, and we acknowledge our obligation to them for the aid they have given us in the solution of the questions to be determined. The cases which have been before the courts involving the questions to be determined are so numerous that it would be impossible to cite and intelligently comment upon and analyze them without writing a treatise upon the subject of implied trusts. We shall therefore content ourselves with the citation of a few general rules or principles which the law-writers upon this subject have deduced from the adjudged cases, as applicable to the proper construction of wills of the kind under consideration.

*First.* " It is not necessary that technical language should be used to create a trust. It is enough that the intention is apparent." 1 Jarman on Wills (5th ed.), 385, and note.

*Second.* "That precatory words used in a will,— that is, words of recommendation, entreaty, request, wish, or expectation,— addressed to a devisee or legatee, may be sufficient to create a trust in favor of the person or persons in whose favor such expressions are used." 1 Jarman on Wills (5th ed.), 385; Lewin on Trusts, 118; 2 Story's Eq. Jur., secs. 1068, 1068*a;* Hill on Trustees, 71; 2 Redf. on Wills, 410, 411.

*Third.* In order to determine whether precatory words in a will create a binding trust, "the real question always is whether the wish, desire, or recommendation expressed by the testator is meant to govern the conduct of the party to whom it is addressed, or whether it is merely an indication of that which he thinks would be a reasonable exercise of

the discretion of the party, leaving it, however, to the party to exercise his own discretion." 2 Redf. on Wills, 416; *Williams v. Williams*, 1 Sim. (N. S.), 358; Hill on Trustees, 114; 2 Story's Eq. Jur. (12th ed.), sec. 1068*b*, and cases cited.

*Fourth.* In determining that precatory words in a will create a trust, the courts give great weight to the fact that the person or object to which the precatory words apply is clearly pointed out, and the *quantum* of the estate to be given to such person or object is also clearly defined. 1 Jarman on Wills, 396; 2 Redf. on Wills, 416; 2 Story's Eq. Jur., secs. 1070, 1071. See, also, a very instructive note to the case of *Harrisons v. Harrison's Adm'x*, 44 Am. Dec., 365, 369.

Taking these general rules for our guide in construing the will before us, we have no serious difficulty in determining that the learned circuit judge properly construed the same. There is no dispute but that the persons to whom the precatory words apply are clearly pointed out by the will; and the learned counsel for the appellant does not strenuously contend that the *quantum* of the estate which the testator requested should go to such parties is not also sufficiently and clearly indicated. The words used by the testator in describing the property he requests should go to his children after the death of his wife are, "all the proceeds of my said property, real and personal, hereby bequeathed." We think the argument of the learned counsel for the respondents shows conclusively that the words, "all the proceeds," etc., as used in the will, do not mean the rents, issues, and profits of said estate, nor the surplus or residue which might remain at the death of his wife. To hold that the words, "all the proceeds," etc., meant the rents, issues, and profits of the estate is clearly inconsistent with the clear intent of the testator to make some provision for his wife during her life-time. It would be absurd to suppose that the testator intended his wife should expend the body of his estate for her support, and retain the rents and profits of that which

was not so expended for distribution among their children; and the words, "all the proceeds," etc., exclude the idea that he intended only such surplus as should be left by his wife after her death.

We are not called upon to determine upon this appeal what effect, if any, should be given to the fact — had the evidence shown it to be a fact — that the rents and profits of said estate were wholly inadequate to the reasonable support of the testator's widow, either in the construction of the words above quoted, or of the whole purpose and intent of the testator in regard to his estate. We are to presume, in the absence of all proofs upon this point, and from the fact that the appellant does not allege in her complaint that the income of said estate is not amply sufficient for her proper maintenance and support, that it is ample for that purpose. By the terms of the will we think it was the clear intention of the testator to provide a sufficient maintenance for his wife out of his estate, and that he supposed the rents and profits of the estate would furnish such support. The clear intent of the testator will not therefore be thwarted by holding that the estate she took under the will was a life estate, as was held by the learned circuit judge, and that the words, "all the proceeds," etc., mean the entire body of the estate of the deceased, subject to such sales and conversions thereof as necessity or the interest of the parties might require.

The persons and subject of the testator's expressed request being sufficiently pointed out by the will, the only other question is whether the precatory words used by the testator were intended by him to govern the conduct of his wife, to whom they were addressed, or whether they were merely an indication of what he thought would be a reasonable exercise of the discretion of his wife, leaving it, however, to her to exercise her own discretion. The learned counsel for the appellant in his brief insists that in construing these words

great force should be given to the fact that the testator first devised and bequeathed all his property to his wife, absolutely and in fee; and that it should therefore be conclusively presumed that what follows was not intended by the testator to create a trust in favor of his children. We do not think this fact should have a decisive influence in getting at the intent of the testator. Had the testator intended to give his wife a life estate in the property, coupled with a trust as to the remainder in favor of their children, he would probably have used the same language. He would have given the estate to her in fee, as he has done in this case; and if he had used technical language he would have added, " in trust for the following purposes," and then added, in substance, to receive the rents, profits and income thereof, for her own use and benefit during her life-time, and at her death to divide the same among our children, naming them, in equal shares. The conveyance to the wife of the property in fee by merely technical words does not raise any very conclusive inference that he did not intend to engraft a trust upon the property so conveyed in favor of their children. It will be seen that those cases which have held that the words of bequest or devise which were held effective to repel the idea that any trust was intended to be imposed upon the estate by subsequent precatory words, were all cases in which some other language than the usual technical words to convey a fee were used, which clearly indicated that the devisee was to have the untrammeled control of the property devised. Such were the cases of *Spooner v. Lovejoy*, 108 Mass., 529; *Hess v. Singler*, 114 Mass., 56; *Sears v. Cunningham*, 122 Mass., 538. In this view of the case, there is no such direct conflict between the language used in that part of the sentence in the will which gives the whole estate to the wife and that which follows, requesting her, at her death, to divide the proceeds of the estate among their children, as necessarily precludes the

idea that the testator intended to create a trust in their favor.

Again, it is urged that if the testator had intended to control the action of his wife in regard to the estate devised and bequeathed to her, he would have used language which would not admit of any doubt, and which would need no construction. The language used is very clear in expressing what he desired she should do with the estate. Upon that point there can be no question. In the same section in which he makes the devise to his wife, he says, in effect, I give this estate to you in full confidence that you will, and I hereby request that at your death you will, divide all the proceeds of this estate among our six sons and daughters, naming them, in equal proportions. He might have used language of command, and said, I give this estate to you in the full confidence that you will, and I hereby direct and order that at your death you will, etc.; but the use of such language would have negatived the expression of the confidence he claimed to have that his wife would carry out his desire, unless under the coercion of a direct command.

The effect which should be given to language of this kind, addressed by a husband to his wife, is very aptly and clearly stated by BIGELOW, C. J., in *Warner v. Bates*, 98 Mass., 274, cited by the learned counsel for the respondents. It was urged in that case, as in this, that if a trust was intended, it should have been created by apt and technical words; and in this case, as the testator was a lawyer, he must be presumed to have known what were apt and proper words to create a trust. This argument is answered as follows: "It is suggested that in other clauses of the will in which she creates a trust in favor of her daughters for their respective shares of the estate, of which they are to have the entire income after the death of her husband, she does not use words of entreaty, request, and recommendation, but apt and technical words by which to establish a trust in their

behalf. But we think this suggestion not entitled to much weight. She might well express herself in different language when addressing her husband from that which he would use towards strangers, and at the same time intend a similar result. Words of confidence, entreaty, and recommendation, were natural and appropriate when used to express the will of a testatrix who intended to direct and control the conduct of her husband in a matter in which the right to give directions and to control belonged to her. In such case the words used by Lord LOUGHBOROUGH are applicable: ' When a person recommends to another who is independent of him, there is nothing imperative; but if, he recommends that to be done by a person whom he has a right to order to do it, the mode is only civility.' " This language is equally forcible when applied to the case of the husband addressing his wife in his last will. See, also, *Malim v. Keighley*, 2 Ves. Jr., 529; *Erickson v. Willard*, 1. N. H., 217, 227, 228. The force of the argument of the learned chief justice rests upon the fact that a devisee or legatee, although for some purposes he may be deemed a purchaser, yet he is in another sense, in fact, a donee of the testator's bounty. What he receives is the gift of the testator; and it is evident to all that when a person receives property by the gift of another, the giver has a right to direct what the donee shall do with the property donated, and in such case a request would amount to a direction, when it would have no effect when addressed to a person who receives the property by an actual purchase for value paid therefor.

While, on the one hand, we are inclined not to go to the extent of the older cases in England and in this country, in establishing trusts upon the strength of precatory words used by a testator in his will, on the other, we are not disposed to repudiate the whole doctrine of such trusts. We are disposed to apply the doctrine only in cases where it is clear that, on the whole, it was the intention of the testator

to create such trust by the use of such words, and where the words used show with reasonable certainty that the testator intended to control the legatee or devisee in the use and control of the property devised or bequeathed.

The argument in favor of sustaining precatory trusts is so forcibly and briefly stated by BIGELOW, C. J., in *Warner v. Bates, supra,* that we take the liberty of making a more extended quotation from his opinion. He says: "We see no sufficient ground for calling in question the wisdom or policy of the rule of construction uniformly applied to wills in the courts in England and in most of the United States, that words of entreaty, recommendation, or wish, addressed by a testator to a devisee or legatee, will make him a trustee for the person or persons in whose favor such expressions are used, provided the testator has pointed out with clearness and certainty the objects of the trust, and the subject matter on which it is to attach, or from which it is to arise and be administered. The criticisms which have been sometimes applied to this rule by text-writers and in judicial opinions will be found to rest mainly on its applications in particular cases, and not to involve a doubt of the correctness of the rule itself as a sound principle of construction. Indeed, we cannot understand the force or validity of the objections urged against it, if care is taken to keep it in subordination to the primary and cardinal rule that the intent of the testator is to govern, and to apply it only where the creation of a trust will clearly subserve that intent. It may sometimes be difficult to gather that intent, and there is always a tendency to construe words as obligatory in furtherance of a result which accords with a plain, moral duty on the part of a devisee or legatee, and with what it may be supposed the testator would do if he could control his action. But difficulties of this nature, which are inherent in the subject matter, can always be readily overcome by bearing in mind and rigidly applying in all such cases the test, that

to create a trust it must clearly appear that the testator intended to govern and control the conduct of the party to whom the language of the will is addressed, and did not design it as an expression or indication of that which the testator thought would be a reasonable exercise of a discretion which he intended to repose in the legatee or devisee. If the objects of the supposed trust are certain and definite; if the property to which it is to attach is clearly pointed out; if the relations and situation of the testator and the supposed *cestuis que trusts* are such as to indicate a strong interest and motive on the part of the testator in making them partakers of his bounty; and, above all, if the recommendatory or precatory clause is so expressed as to warrant the inference that it was designed to be peremptory on the donee, the just and reasonable interpretation is, that a trust is created, which is obligatory, and can be enforced in equity, as against the trustee, by those in whose behalf the beneficial use of the gift was intended."

Testing the provisions of the will in the case at bar by the rules laid down by the learned chief justice in the above citation, and we have no hesitation in holding that it was the clear intent of the testator to create a trust in favor of the children named in the will; and that the language used by the testator was intended by him to govern and control the conduct of his wife in the disposition of his estate. Remembering, as was said by Chief Justice MARSHALL in the case of *Smith v. Bell*, 6 Pet., 75, that "the first and great rule in the exposition of wills, to which all other rules must bend, is, that the intention of the testator expressed in his will shall prevail, provided it be consistent with the rules of law," we have no hesitation in saying that it is clear to us from the language used by the testator that he did not intend to give his estate to his wife absolutely. Had such been his purpose, why did he take pains to point out so particularly what should be done with his estate when his wife died?

If he intended that she should use it as she saw fit, and not to limit her to the use of the income thereof, and simply intended to advise her as to what he thought she ought to do with what might be left of it at her death, why did he say that "all the proceeds of my said property, real and personal, goods and chattels, hereby bequeathed," should be divided equally among his children? If we give any consideration to that part of the testator's language which follows the devise and bequest to his wife, in arriving at his intent, we are forced to conclude that he intended his request, as to its final distribution among his children, should bind his wife. It is clear that *his will was* that his children should take the property after the death of his wife. The language being clearly sufficient to show that such was *his will*, his request to his wife to so distribute his property must be construed as directory, and not simply as advisory.

*By the Court.*— The judgment of the circuit court is affirmed.