JONES and another, Executors, etc., Respondents, vs. JONES, Appellant.

*April 13 — May 15, 1886.*

*Will: Life estate: Power of disposition: Remainder.*

A will provided as follows: "After my lawful debts are paid and discharged, I give, bequeath, and dispose of as follows, to wit: To my beloved wife, M. J., all that is in my possession at the time of my decease; and also my wife have right to sell the estate, if that will be her choice. And after my wife's decease, the property to be parted to my dear children in equal shares." *Held,* that the widow took, under the will, only an estate for life in the property, with power to sell such life estate, and that the children took, in equal shares, a vested remainder in fee.

APPEAL from the Circuit Court for *Dodge* County.

December 7, 1873, Ebenezer E. Jones, late of Dodge county, died testate, leaving surviving him *Margaret Jones,* his widow, and *David E., John E.,* and *Ebenezer D. Jones,* and Ruth Butler, his children, and only heirs at law. The day before his death he duly executed a will, the material portions of which are as follows: "After my lawful debts are paid and discharged, I give, bequeath, and dispose of as follows, to wit: To my beloved wife, *Margaret Jones,* all that is in my possession at the time of my decease; and also my wife have right to sell the estate, if that will be her choice. And after my wife's decease, the property to be parted to my dear children in equal shares." *David E.* and *John E. Jones,* the testator's sons, were named therein as executors.

The will was duly admitted to probate, and the executors therein named qualified, and administered the estate. In 1883 the executors applied to the county court for its order and judgment determining the rights, under the will, of the parties interested in the estate. At that time the estate consisted of some 200 acres of land in Dodge county (said

to be improved as a farm), and $1,750 in cash and securities, being the proceeds of certain authorized sales of real and personal property of the estate, all which was then in the possession and under the control of the testator's widow, *Margaret Jones*. All the parties in interest appeared to such application, and were heard by counsel. The county court determined and adjudged that the testator, by his said will, "gave, devised, and bequeathed to his said wife, *Margaret Jones*, all his estate, both real and personal, and that she is entitled to retain and keep the same as her own, and that no trust is created therein by said will." From this judgment the executors appealed to the circuit court.

The circuit court held, and gave judgment accordingly, that *Margaret Jones* took under the will only an estate for life in the property of the testator, with power to sell such life estate, if she chose to do so; and his children took, in equal shares, a vested remainder in fee in such property, which, upon the termination of the life estate, will become an estate in possession. The county court was directed to make distribution of the estate accordingly. The widow appeals from the judgment of the circuit court.

*George Gary*, for the appellant, contended, *inter alia:* 1. The intention of the testator is to be carried out only so far as it can be done consistently with the established rules of law. *Gleason v. Fayerweather*, 4 Gray, 348, 350; *Golder v. Littlejohn*, 30 Wis. 344, 350. 2. The testator in this case clearly intended to give the fee of the real estate to the wife. "Estate" is a word of the largest meaning, and includes all things, real and personal. 1 Jarman on Wills, 721 *et seq.; Jackson v. Robins*, 16 Johns. 555-6; *Taylor v. Dodd*, 58 N. Y. 335, 344. The testator probably intended to give some kind of remainder to the children; but to hold it a vested remainder is to treat as mere surplusage the power of disposition given in the will. No case can be found where a gift in remainder is held to limit a general

power to dispose of the estate given in explicit words. *Smith v. Bell,* 6 Pet. 68, seems to countenance such a principle, but no counsel was heard on behalf of the party against whom that case was decided, and the attention of the court was not drawn to the authorities in favor of the opposite conclusion. See *Gifford v. Choate,* 100 Mass. 343, 346; *Campbell v. Beaumont,* 91 N. Y. 464. Under secs. 2105, 2106, R. S., the power is a general power. It is not a power in trust, but a beneficial power. Sec. 2107. If the fee is given to the wife, the power is merged in the fee. If it is not, it is a valid beneficial power, which she may exercise for her own benefit. *Jennings v. Conboy,* 73 N. Y. 230. The power to sell in her life-time is an absolute power of disposition within the meaning of the statute. Sec. 2112, R. S. And if her estate were expressly limited to a life estate, it would be an absolute fee as to purchasers or her creditors. Sec. 2108. What she seems to take under the will is the fee, subject to a contingent remainder. Sec. 2109. The remainder would be defeated by a sale by her, or by her leaving debts and no other means of payment. 3. The statutes above cited relate only to real estate. Whatever effect they may have on established rules of law as to the testator's real estate (if any), they have none as to his personalty. When " a particular estate is devised, we cannot by any subsequent clause collect a contrary intent by implication." *Popharn v. Bonfield,* 1 Salk. 236. And the general current of modern authority is, that a devise or legacy in general terms to one with full power to dispose of the property, is an absolute gift of the whole estate, and any remainder over is repugnant and void. 4 Kent's Comm. 270; *Ide v. Ide,* 5 Mass. 500; *Burbank v. Whitney,* 24 Pick. 146; *Gifford v. Choate,* 100 Mass. 343; *Sears v. Cunningham,* 122 Mass. 538; *Ramsdell v. Ramsdell,* 21 Me. 288; *Jones v. Bacon,* 68 id. 34; *Stuart v. Walker,* 72 id. 145; *McKenzie's Appeal,* 41 Conn. 607; *Rona v. Mier,* 47 Iowa, 607; *Jack-*

*son v. Coleman*, 2 Johns. 391; *Jackson v. Bull*, 10 id. 19; *Jackson v. Robins*, 16 id. 537; *Campbell v. Beaumont*, 91 N. Y. 464.   4. There are no precatory words to bring this will within the principle of *Knox v. Knox*, 59 Wis. 172.

For the respondents there were briefs by *D. D. Thomas*, attorney, and *I. C. Sloan*, of counsel, and oral argument by *Mr. Sloan:* 1. After citing cases to the propositions that the intention of the testator is the first object of inquiry, that all mere technical rules of construction must yield to the expressed intention, and that it is only when clauses found in the will are wholly irreconcilable that any one can be rejected, they contended that in this case it was the manifest intention of the testator to give his wife a life estate (with a power of disposal of such life estate), and his children a fee in the whole of his property after her death. A power of sale attached to an express life estate will not enlarge it to a fee, nor will it have that effect as to a life estate created by necessary implication resulting from the terms of the instrument creating it.   2 Redf. on Wills, 336; *Dean v. Nunnally*, 36 Miss. 358; *Terry v. Wiggins*, 47 N. Y. 512–517; *Rhode Island H. T. Co. v. Comm. Nat. Bank*, 14 R. I. 625; *Denson v. Mitchell*, 26 Ala. 360; *Reinders v. Keppelmann*, 68 Mo. 482; *S. C.* 30 Am. Rep. 802; *Stuart v. Walker*, 39 id. 311, 318; *Turbett v. Turbett*, 3 Yeates, 187–191.   This case resembles very strongly the cases of *Smith v. Bell*, 6 Pet. 68, and *Terry v. Wiggins, supra*, and does not come within the rule laid down in *Campbell v. Beaumont*, 91 N. Y. 464, and *Gifford v. Choate*, 100 Mass. 343. In the last-named case the " gift was absolute in terms, and the remainder over was clearly dependent upon her not disposing of the property." The intention to give the wife a life estate with power to dispose of such estate, and to give the children a vested remainder, is not inconsistent with rules of law. *Smith v. Bell* and *Terry v. Wiggins*,

*supra; Stuart v. Walker,* 72 Me. 145; *Brant v. V. C. & I. Co.* 93 U. S. 326; *Burleigh v. Clough,* 52 N. H. 267; *Smith v. Snow,* 123 Mass. 323; *Van Horne v. Campbell,* 100 N. Y. 287, and dissenting opinion by RUGER, C. J., on p. 310; *Johnson v. Battelle,* 125 Mass. 453; *Hall v. Otis,* 71 Me. 326; *Wommach v. Whitmore,* 58 Mo. 448; *Wead v. Gray,* 8 Mo. App. 515; *Buel v. Southwick,* 70 N. Y. 581; Gray's Restraints on Alienation, sec. 66 *et seq.; Wager v. Wager,* 96 N. Y. 173. 2. If two clauses in a will are irreconcilably inconsistent, so that they cannot possibly stand together, the clause which is posterior in position shall prevail, the subsequent words being considered to denote a subsequent intention. 3 Jarman on Wills, 705; 4 Kent's Comm. 534, note *a; Brownfield v. Wilson,* 78 Ill. 467; *Murfitt v. Jessop,* 94 id. 158; *Pierce v. Ridley,* 1 Baxt. 145; *S. C.* 25 Am. Rep. 769; *Sweet v. Chase,* 2 N. Y. 73; *Hemphill v. Moody,* 62 Ala. 510–13. 3. To give the construction sought by the appellant would cut off the only provision made for the children of the testator, and would be contrary to the well-settled rule that an heir can only be disinherited by express devise or necessary implication so strong that a contrary intention cannot be supposed. *Wright v. Hicks,* 12 Ga. 155; *S. C.* 50 Am. Dec. 451; *Miller v. Speight,* 61 Ga. 462; *Clendenning v. Lanius,* 56 Am. Dec. 518; *McIntyre v. Cross,* id. 521; 1 Jarman on Wills, 704, rule 5, and cases cited; *Gelston v. Shields,* 78 N. Y. 275; *Irwin v. Zane,* 15 W. Va. 646. 4. A remainder will not be considered contingent, if it may, consistently with the intention, be deemed vested. *Burleigh v. Clough,* 52 N. H. 267–273; *Blanchard v. Blanchard,* 1 Allen, 225; 2 Jarman on Wills, 407, and cases cited; 2 Washb. on Real Prop. 550, and cases cited; Tiedeman on Real Prop. 402, and cases cited; *McArthur v. Scott,* 113 U. S. 340. A remainder after a life estate will be held to vest notwithstanding a power of disposal given to the life

tenant. 2 Jarman on Wills, 411; *Carter v. Hunt,* 40 Barb. 89; *Thomas v. Thomas,* 1 Rawle, 112; *Candler v. Dinkle,* 4 Watts, 143; *Ackerman v. Gorton,* 67 N. Y. 63.

LYON, J. It was said by Chief Justice MARSHALL in *Smith v. Bell,* 6 Pet. 68, that "the first and great rule in the exposition of wills, to which all other rules must bend, is that the intention of the testator expressed in the will shall prevail, provided it be consistent with the rules of law." This rule has been asserted in a variety of forms, and enforced in all courts of this country and England whose decisions are authoritative, and it has never been shaken by adverse rulings.

The case of *Knox v. Knox,* 59 Wis. 172, affords an apt illustration of the application of the rule. The will to which construction was given in that case contained this clause: "I give, devise, and bequeath unto my wife, M., her heirs and assigns, forever, all my real and personal estate, . . . having full confidence in my said wife; and hereby *request* that, at her death, she will divide equally . . . between my sons and daughters [naming them] *all the proceeds* of my said property, real and personal, . . . hereby bequeathed." It was held that the precatory words in the will raised a trust in favor of the testator's children, although none was expressed, and although the devise was to the wife, her heirs and assigns, forever; and that the widow took a life estate in the property; coupled with a trust as to the remainder in favor of the children.

So, in this case, we have but two questions for determination: (1) What intention has the testator expressed in his will in respect to the disposition of his estate? and, (2) His intention being ascertained, is there any existing rule of law which will prevent the court from carrying it out.

1. The disposition which the testator intended to make of his property is made perfectly clear by the terms of his

will. First, he gave all his property to his wife. That is the signification of the words " all that is in my possession," employed in the instrument. Then he gave "the property " to his children, necessarily meaning the same property mentioned in the devise and bequest to his wife, to be " parted to "— that is to say, divided between — them, in equal shares, after the death of his wife. The provision for his wife contains no words of inheritance, and it is obvious that his children, equally with her, were the objects of his care and bounty. In view of the fact that he employed no language from which an intention to bestow more than a life estate upon his wife can be inferred, the provision which he made for his children shows very clearly that he intended to give her only a life estate.

2. Is there any rule of law which will prevent the court from carrying out and executing the expressed intentions of the testator in respect to the disposition of his property? Counsel for the appellant, who is deservedly eminent for great learning in this branch of the law, maintains that the power of sale contained in the will — " and also my wife have right to sell the estate, if that will be her choice "— authorizes the appellant to dispose of the whole estate of the testator, absolutely, for her own exclusive benefit. That is to say, counsel maintains that the power is general and beneficial, and, the same being unaccompanied by any trust, the life estate of the appellant, the grantee of the power, is changed as to creditors and purchasers into an absolute fee, subject to the future estate of the testator's children only in case the appellant die without executing the power and the property has not been sold for the satisfaction of her debts. R. S. ch. 97, secs. 2104–2112. He argues from these premises that the estate or interest of the children of the testator under the will is, at most, a contingent remainder.

We do not stop to inquire whether this conclusion is prop-

erly deducible from the premises, or what would be the effect upon the parties of such a construction of the will, for the reason we do not think the premises are sound. The power of sale may be beneficial, but we are of the opinion that it is not a general power. As already observed, the testator manifestly gave to his children remainder in fee in the same property in which he gave his widow a life estate. There is nothing in the will (aside from the power of sale) from which it can be inferred that he intended to authorize any sale of the *corpus* of his estate; and the language of the power itself does not necessarily raise such an inference. On the contrary, it is quite obvious that he intended his property to go to his children intact, on the determination of the life estate. We cannot believe that by the terms of his will the testator placed it in the power of his widow to sell the property absolutely, and thus put upon his children the risk of her losing the proceeds in unfortunate investments, or otherwise. There was nothing in the circumstances of the widow, or the situation of the estate, which called for any such power, and, as already remarked, nothing in the will which ought to be held as conferring it. Hence we agree with the circuit court that the power of sale only authorizes the appellant to sell her life estate or interest in the property, leaving the property intact for the testator's children when his widow shall decease.

These views take this case out of the rule of *Campbell v. Beaumont*, 91 N. Y. 464, and the cases therein cited, much relied upon by counsel for appellant, to the effect that when the property is to be spent by the primary legatee at his pleasure a further limitation is hostile to the nature and intention of the gift, and therefore void. This case is more nearly like that of *Terry v. Wiggins*, 47 N. Y. 512, in which the power of sale, general in terms, was held to be limited to the necessities of the devisee of a life estate, and a remainder over to a religious society was upheld. *Smith v.*

*Bell,* 6 Pet. 68, above cited, is a very strong case in the same direction.

We are aware of no other principle of law which forbids a construction of this will as the testator made it. Were the famous rule in *Shelley's Case,* 1 Coke, 219, in force in this state, it might defeat the provision for the children of the testator, who, it was admitted by counsel for both parties, are the children of the appellant, his widow, also. We have here, therefore, in substance and legal effect, a devise and bequest to the widow of the testator for life, with remainder to the heirs of her body. That rule is that the words "heirs of her body" are words of limitation, and not of purchase, and the ancestor — the widow of the testator — takes the whole estate. But the rule in *Shelley's Case* is not in force in this state. The opposite doctrine prevails here, and is contained in R. S. sec. 2052, which provides that in such a case the heirs of the body of tenant for life shall take as purchasers by virtue of the remainder limited to them. This saves the remainder, and effectuates the expressed intention of the testator.

The rules for the management and disposition of personal estate bequeathed for life, with remainder over, are laid down in *Golder v. Littlejohn,* 30 Wis. 344, and no repetition of them is here required.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 28 N. W. Rep. 179.— REP.