Derse and others vs. Derse.

---

DERSE and others, Respondents, vs. DERSE, Appellant.

*April 8 — April 25, 1899.*

*Wills: Construction: Life estate: Powers in trust: Execution by circuit court: Costs.*

1. A will devised all of the testator's estate to his wife, "to have and to hold for her personal use and benefit for and during her natural life," and also gave her full and sole control thereof, if she survived, with the right to devise and bequeath it to the several members of his family in shares as she saw fit, to all intents and purposes as he could have done. In the probate proceedings thereon the estate was, by the judgment of the county court, assigned to the widow to have and to hold to her, her heirs and assigns according to the will. The widow died intestate and, shortly before her death, deeded a part of the testator's lands to one son, the defend-

ant. In an action for a construction of the will, *held*, that the testator intended to confer a life estate on the widow, accompanied by a power in trust to apportion the estate by her will among his children, and that, in default of the execution of the power, it was the duty of the circuit court, under sec. 2127, Stats. 1898, to proceed to make the apportionment for the benefit, equally, of all persons designated as objects of the trust.

2. Where all the parties to such a suit have filed a stipulation that the taxable costs on appeal of both appellant and respondents be paid out of the estate, it will be so ordered.

APPEAL from a judgment of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Affirmed.*

One Anthony Derse, on July 23, 1895, died testate, leaving real estate, consisting of 145⅔ acres of land in Dodge county. The material part of the will is as follows: "First. After the payment of all my just debts and funeral expenses, I give, devise, and bequeath to my beloved wife, Catherine Derse, all the rest and residue and remainder of my estates, both real and personal, and to have and to hold the same for her own personal use and benefit, for and during her natural life, to all intents and purposes as if she had been the original owner. Second. I give unto my wife, Catherine Derse, the full and sole control of all my estates, both real and personal (if she should survive me), the right to devise and bequeath to the several members of my family in shares as she may see fit, at the time of making her last will and testament, to all intents and purposes as I could have done."

In the probate proceedings upon that will the county court, by order of July 21, 1896, ordered and adjudged "that all of the above-described real estate be, and the same is hereby, assigned and set over to the said Catherine Derse, widow of the said deceased, to have and to hold the same unto her, her heirs and assigns, according to the last will and testament of said deceased." The widow occupied the land up to the time of her death, on May 20, 1897, but

Derse and others vs. Derse.

shortly before her death made a deed of 65⅔ acres of the said land to the defendant. She died intestate. The children, constituting the family of the deceased Anthony and Catherine Derse, were twelve in number, eleven of whom are the plaintiffs, and the twelfth the defendant. All are of full age and *sui juris*. The prayer of the complaint is for construction of the will and adjudication that Catherine Derse's interest was a life estate, coupled with an imperative trust or power to dispose of the same by her will amongst the children, and, she having failed to execute such trust or power, that the court carry out the same, and adjudge said real estate to the parties to this action in equal twelfth shares. Judgment was rendered to that effect, from which defendant appeals.

The cause was submitted for the appellant on the brief of *H. K. Butterfield,* and for the respondents on the brief of *Ryan & Merton.*

Dodge, J. That the will of Anthony Derse intended to confer a life estate upon Catherine Derse, accompanied by a power to apportion the real estate amongst the children by will, appears clear. The will was not drawn by a lawyer, and the testator was a farmer. The use of the words " for her life " are, however, very significant, whether used by a lawyer or by a layman. It may be said that almost uniformly they convey to the mind of either the idea of limitation, and we think they were so used here. The unnecessary amplication of words to express rights which she would legally have without such words, by virtue of a mere life estate, is not inconsistent with the intent of such limitation, when used by such people as the draftsman and the testator in this case. The words used do not necessarily indicate more than an intention that her control and enjoyment of the farm during her life should be uncontrolled by any one else. They are entirely consistent with the purpose

Derse and others vs. Derse.

that she should enjoy the property only for her life, but during her life the children and all others should be excluded from interference therewith; and they do not suggest any thought in the testator of giving to her the additional power of disposition, during her life, which might be inconsistent with a mere life estate.    The intention of the testator to confer something less than an absolute fee is further evinced by the directions given as to the disposal of the property at the death of Catherine Derse by devise and bequest.    While, of course, a direction as to whom she should devise the property might be ineffectual, if it were clear that an absolute title in fee were given to her, its presence is of much force in the construction of the preceding words, and confirms the conclusion that Anthony Derse did not intend to give the property to her absolutely, but only for her life, so that it would remain undisposed of at the time of her death.    Then he was willing to leave it to her discretion how the apportionment of it should be made amongst the then-existing children, whose conditions might have substantially varied in the interval between the making of his will and the death of the life tenant.    In *Knox v. Knox*, 59 Wis. 172, intention to limit widow's rights to her life was predicated on far less significant language.

This conclusion being reached, the duty of the court below to proceed to make the apportionment follows obviously. The second section clearly conferred upon the widow a special power in trust, as defined by sec. 2122, Stats. 1898; for under that section a "class of persons other than the grantee" was entitled to benefit from the disposition authorized by the power.    Sec. 2127 provides that, "if the trustee of a power with right of selection shall die leaving the power unexecuted, its execution shall be adjudged in the circuit court for the benefit equally of all the persons designated as objects of the trust."    To this effect is the judgment appealed from.

All parties having filed a stipulation that the taxable costs of both appellant and respondents in this court be paid out of the estate, it is so ordered.

*By the Court.*— Judgment affirmed.