## In re Stuart's Will.

*September 6—September 23, 1902.*

*Wills: Construction: Life estate with power of sale: "Legacies."*

1. A will gave to the testator's wife all his property "to sell and dispose of as shall to her seem fit and proper, or to retain during her natural life for her own use, subject, after her decease, to the following legacies." Certain shares of stock were then given to a niece "and to each of her surviving sons and daughters," "to be by them held for the income thereof." Other bequests followed, and a life estate was given in certain real estate, with a devise over in fee. A residuary clause disposed of the remainder of the estate, after the death of the wife. *Held,* that the will did not give to the widow an absolute estate in any of the property, but gave her the use and income of the whole thereof, both real and personal, with full power of sale, the proceeds of any sale to be preserved for the benefit of the other beneficiaries, none of whom, however, was to take in possession until after her death.

2. The word "legacies," as used in said will, is construed to include all the gifts therein following that to the wife, whether of real or of personal property.

APPEAL from a judgment of the circuit court for Green county: B. F. DUNWIDDIE, Circuit Judge. *Reversed.*

It appears from the record that Joseph W. Stuart died at Brodhead, May 14, 1900, leaving a last will and testament, executed June 29, 1892, of which the essential parts are as follows:

"*First.* After the payment of my just debts and funeral expenses, I give to *Mrs. Lydia R. Stuart* all my estate, both real and personal, to sell and dispose of as shall to her seem

fit and proper, or to retain during her natural life for her own use, subject, after her decease, to the following legacies:

"*Second.* To Mary W. Mitchell, and to each of her surviving sons and daughters, fifty shares of common stock of the Atlantic Pacific Railway Tunnel Company of Colorado, of the par value of ten dollars per share, to be by them held for the income thereof; and to her brother, Ezra H. Stuart, one hundred shares of such stock; and to *Nettie S. Emery,* the use during her life of lot 3 in block 64 of Brodhead; then that lot, as well as lots 7 and 8 in block 79, to go to *Kittie Emery* as an absolute estate, bequeathed to her by her grandparents; also four hundred shares of said stock.

"*Third.* To Moses Harman, of Topeka, Kansas, one $250 bond [described].

"*Fourth.* The remainder of my estate, both real and personal, after the decease of *Mrs. Lydia R. Stuart,* I bequeath in equal portions to Ezra H. Stuart, his sister, Mary W. Mitchell, my adopted daughter, *Nettie S. Emery,* and *Kittie Emery.*"

The will was admitted to probate August 7, 1900. Mary W. Mitchell, mentioned in the will, was a niece of the deceased; and Ezra H. Stuart, therein mentioned, was his nephew. *Nettie S. Emery,* mentioned in the will, was taken into the family of the deceased when she was a child, in 1856. She was married in 1886; and *Kittie Emery,* mentioned in the will, is her child, and is sixteen years of age.

Such proceedings were had that the county court, by order and judgment, construed the will, April 23, 1901, to the effect that the deceased gave, devised, and bequeathed to his widow, *Lydia R. Stuart,* an estate for life in all his real and personal property, to be enjoyed by her *in specie;* and that he gave and devised to her the right and power to sell and convey in fee simple all of the real estate of which he died seised, excepting therefrom lot 3 in block 64, and lots 7 and 8 in block 79, mentioned in the will; that the deceased, in and by said will, gave and devised to *Kittie Emery* lots 7 and 8 in block 79 in fee, subject to the life estate therein to the widow; and that the deceased, in and by the will, gave and

devised to *Nettie S. Emery* lot 3 in block 64 and the rents and profits thereof for and during her natural life after the life estate of the widow therein should cease, with remainder over in fee to *Kittie Emery;* that the words, "or to retain during her natural life for her own use," in paragraph 1 of the will, were superfluous, and of no significance; that the testator, in and by the will, gave, bequeathed, and devised the remainder of his estate, both real and personal, after the decease of the widow, to Ezra H. Stuart, Mary W. Mitchell, *Nettie S. Emery,* and *Kittie Emery* in equal shares.

On appeal from such order and judgment to the circuit court by the widow, *Lydia R. Stuart,* and after hearing, that court, on April 17, 1902, ordered and adjudged that the deceased, by his will, gave, devised, and bequeathed to his widow a life estate in the property of which he died scised, with the power to sell her life estate therein if she chose so to do; that she had no authority or power to sell or convey any estate in said property greater than her life estate therein; that under the fourth clause of the will Ezra H. Stuart, Mary W. Mitchell, *Nettie S. Emery,* and *Kittie Emery* take in equal shares a vested remainder in fee in the real estate of which the testator died seised, and not disposed of by the second clause of the will, and that said vested remainder will, upon the determination of the life estate of *Lydia R. Stuart* therein, become an estate in possession; that Ezra H. Stuart, Mary W. Mitchell, *Nettie S. Emery,* and *Kittie Emery* are entitled, under the will, to take an equal share in the personal estate of the deceased remaining undisposed of by the second and third clauses of said will, subject, however, to the life use of the widow; that the county court make distribution of the estate in accordance with the terms of the will as thus construed, with a provision as to costs. From that order and judgment the widow brings this appeal.

*Burr Sprague* and *E. D. McGowan,* for the appellant.

For the respondents there was a brief by *A. N. Randall,*

attorney, and *William G. Wheeler,* of counsel, and oral argument by *Mr. Wheeler.*

CASSODAY, C. J.   The rule seems to be universally recognized that every will must be construed in accordance with the intentions of the testator, as expressed in or implied from the language employed.   Both parties in this case impliedly concede, if they do not contend, that such intention of the testator must control in the case at bar.   The widow claims "that all of the property, real and personal, of the deceased, was given to her absolutely by the will."   That is contrary to the opinion of the circuit court, and also of the county court, and is clearly untenable.   If the testator intended to give all his property to his widow as an absolute estate, he never would have provided that she might "retain" the property "during her natural life for her own use," nor that "after her decease" the property should be "subject" to the "legacies" therein mentioned, nor would there have been a residuary clause disposing of the remainder of his estate after the death of his widow.   On the contrary, we must hold that the will did not give her an absolute estate in any of the property of which the testator died seised.

The testator, by the first clause of his will, however, did expressly authorize the widow to sell and dispose of all of his estate, both real and personal, as should to her seem fit and proper, or to retain the same *in specie* during her natural life for her own use.   But whether she sold and disposed of all of the estate, or any part thereof, or retained the same, or any part thereof, *in specie,* during her natural life, for her own use, yet the whole estate, and every part thereof, was so given, "subject, *after her decease,*" to the "legacies" thereinafter mentioned.   The word "legacy" "is more commonly applied to money or other personal property . . . than to real estate."   Schouler, Wills (2d ed.) § 5.   But the word "acquires readily a popular sense, which regards rather the

value of the gift than the elements, real or personal, of which
it may happen to be composed." Id. In the will before us
it manifestly applies to all the gifts thereinafter mentioned,
including real estate as well as personal property. That is to
say, the words, "subject, after her decease, to the following
legacies," must be regarded as carried forward, and incor-
porated into each clause making a bequest or devise.

The most difficult portion of the will to construe is the
second clause. That clause, among other things, provides
that the stock therein given "to Mary W. Mitchell, and to
each of her surviving sons and daughters," is "to be by them
held for the income thereof." But, as indicated, such stock
was only to be so held by them "for the income thereof" after
the death of the widow. During the life of the widow she
was to have the income thereof, and the power of sale, and
the income from the proceeds thereof in case of sale. Again,
the second clause of the will gives "to *Nettie S. Emery* the
use during her life" of lot 3 in block 64; *"then that lot,* as
well as lots Nos. seven and eight" of block 79, are "to go to
*Kittie Emery* as an absolute estate, bequeathed to her by her
grandparents." But by reason of the first clause of the will
neither *Nettie S. Emery* nor *Kittie Emery* could take such
gift in possession until after the death of the widow, who,
during her life, had the use of such property *in specie,* with
the power of sale and disposition, and the income from the
property or money received in lieu thereof. The same is
true in respect to the stock given to Ezra H. Stuart and to
*Kittie Emery* in the second clause of the will, and also the
bond given to Moses Harman in the third clause of the will.
Of course, as indicated, in case the widow sells and disposes
of any of the estate, she must preserve the proceeds thereof,
or what she gets in exchange therefor, for the benefit of the
residuary legatees named in the fourth clause of the will, and
only convert the income or use thereof. Such construction
seems to be in harmony with prior decisions of this court and

other courts. *Jones v. Jones,* 66 Wis. 310, 28 N. W. 177, and cases there cited; *Allen v. Boomer,* 82 Wis. 364, 52 N. W. 426; *Meyer v. Garthwaite,* 92 Wis. 575, 66 N. W. 704. The taxable costs of both parties in this court are payable out of the estate.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with direction to enter judgment in accordance with this opinion, and for further proceedings according to law.