Schneider v. Schneider, 124 Wis. 111.

SCHNEIDER, Respondent, vs. SCHNEIDER and others, Appellants.

*January 12—January 31, 1905.*

*Wills: Life tenant: Consuming corpus of estate: Power of sale.*

A will gave to testator's wife "all my estate . . . for her use, benefit, and control during her natural life, if she does not again marry," and ·provided for division of "all my said estate" after her death or in case of her remarriage. It empowered the executor and the wife to sell the real estate, with the approval of the adult children, "in case it be for the benefit of my said wife or the benefit of my estate." *Held,* that the wife took only a life estate, with no right to consume the corpus of the estate or the proceeds of any sale of realty, and that such a sale could not be made if the children disapproved

APPEAL from a judgment of the circuit court for Green county: B. F. DUNWIDDIE, Circuit Judge. *Reversed.*

The plaintiff is the widow and the defendants are the children of Wendolin Schneider, who died testate November 30, 1900, leaving, as the net result of the settlement of his estate, two parcels of real estate—one the homestead, of about $1,500 value, and the other a business lot, on which is a blacksmith shop, which rents for $14 per month, in value from $1,500 to $2,000. His will provided:

"First. After payment of my lawful debts, I give and bequeath to my wife, *Elizabeth Schneider,* all my estate, real and personal, for her use, benefit, and control during her natural life if she does not again marry. In case of her remarriage, then such use, benefit, and control shall cease, and she shall then have such provision and allowance as the laws of this state would give her had I died intestate; and the remainder of my estate shall be divided among my six children share and share alike.

"After the death of my said wife, if she has not again married, my said estate shall be divided share and share alike among my said six children, to wit: *Charles, Rosa, John, Louis,* George, and Max.

"In case it be for the benefit of my said wife or the benefit of my estate, my said real estate may be sold in whole or in part, and I hereby authorize and empower the executor of this will and my said wife to sell and convey, with the approval of my children of lawful age, any or all of such real estate."

Since his death, the plaintiff has possessed this realty and received the income. The estate of said testator was finally settled on August 7, 1901, and the executor discharged, by an order which assigned all of the real estate to the six defendants in common, "subject, however, to the life estate therein of the surviving widow, *Elizabeth Schneider,* during widowhood, and in case of her remarriage she to have her assigned dower rights in and to said premises." She brought this action, alleging insufficiency of such income to provide her and the only minor child of deceased, about eleven years old, with necessary support, and praying that the lot of land on which is the blacksmith shop might be sold through the medium of a trustee, and the proceeds of the sale applied to her benefit.

The court found the foregoing facts, as also the insufficiency of the income of the property for the support of the plaintiff, and that it was the intent of the testator, as expressed in his will, that plaintiff should have her reasonable support, care, and maintenance out of his estate as long as she remained his widow. By judgment he appointed a trustee, and ordered him, against expressed disapproval by four of the five adult children, to sell said blacksmith shop property, and out of the proceeds thereof to pay the plaintiff $250 a year for her support. From that judgment four of the defendants, who are stepchildren of the plaintiff, appeal.

*Colin W. Wright,* for the appellants.

*J. D. Dunwiddie,* for the respondent, as to the construction of the will, cited *Murray v. Kluck,* 87 Wis. 566, 572; *Paine v. Barnes,* 100 Mass. 470; *In re Stowell Estate,* 59 Vt. 494; *Winthrop Co. v. Clinton,* 196 Pa. St. 472, 46 Atl.

435; *Warren v. Webb,* 68 Me. 133; *Paine v. Forsaith,* 86 Me. 357; *Synod of Dakota v. State,* 2 S. Dak. 366, 50 N. W. 632, 635; *Lawe v. Hyde,* 39 Wis. 345, 359; *Larsen v. Johnson,* 78 Wis. 300, 307; *Price v. Bassett,* 168 Mass. 598; *Larned v. Bridge,* 17 Pick. 339; *Stevens v. Winship,* 1 Pick. 317; *Bamforth v. Bamforth,* 123 Mass. 280.

DODGE, J.   The will here presented offers no field for construction.   It is not ambiguous.   It gives to the respondent all the estate for her life—true, "for her use, benefit, and control," but that, also, only "during her natural life."   This gives clearly and unambiguously a life estate, except as reduced upon contingency of marriage—the full right to the usufruct, but only within the time limit fixed, and with no right to destroy, exhaust, or dispose of the corpus of the estate.   If this purpose in the testator needed further proof, that is supplied by the words conferring the remainders. Those words give to the remaindermen "my said estate"— just that which in the interim had been held by the wife, not some residue or remaining remnant of that which she took. *Golder v. Littlejohn,* 30 Wis. 344; *Knox v. Knox,* 59 Wis. 172, 18 N. W. 155; *Jones v. Jones,* 66 Wis. 310, 28 N. W. 177; *Derse v. Derse,* 103 Wis. 113, 79 N. W. 44; *Swarthout v. Swarthout,* 111 Wis. 102, 86 N. W. 558; *Stuart's Will,* 115 Wis. 294, 91 N. W. 688.

The power of sale of realty contains no suggestion that the proceeds of sale are to be placed within the widow's right to consume.   That power goes no further than to convert realty into money if the interest of the estate or the widow demand it and specified persons approve—as, for example, if the realty were unproductive of income.   The proceeds would, of course, take the place of the property, and must be kept intact for the remaindermen to whom they are bequeathed. *Stuart's Will, supra.*   Besides this, the power can only be

exercised if approved by certain specified persons, four of whom, at least, expressly disapprove.

Both in directing sale at all, and in authorizing consumption of any of the proceeds by the widow, the judgment is in direct defiance of the directions of the testator.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the complaint.