WILL OF OLSON: BURO and others, Appellants, vs. OLSON
and others, Respondents.

*April 4—April 24, 1917.*

*Wills: Construction: Precatory words: Devise to wife: Life estate
or fee? Conditional remainder: Performance of condition: In-
tentional omission of grandchild: Evidence: Sufficiency.*

1. Where it is necessary to follow precatory words in a will in order
   to carry out the testator's clear intention, such words are not
   advisory but mandatory.
2. A will giving all of testator's "real and personal property" to his
   wife "with full power and control of the same," stated that
   "after the death of my said wife it is my wish that what re-
   mains of the property shall be divided equally between my
   three sons [naming them], upon the express condition that my
   said sons shall during the lifetime of my said wife assist her in
   operating the farm and taking care of the property, also to pay
   to each of my four daughters" and another son certain legacies
   in cash. *Held,* that the wife took a life estate coupled with the
   power to dispose of the *corpus* of the property if necessary for
   her maintenance, with remainder over to the sons named upon
   the condition specified.
3. The condition that the sons should assist the mother during her
   life is not so vague that a court cannot determine the question
   of its performance; and in an action to construe the will,
   brought after her death, the evidence is *held* to sustain a find-
   ing that such condition had been complied with.
4. A further finding in such action that a granddaughter was in-
   tentionally omitted from the will is *held* to have sufficient sup-
   port in the evidence.

APPEAL from a judgment of the circuit court for Dunn
county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

Action to construe the will of Erick Olson, begun in the
county court of Dunn county and appealed to the circuit
court for said county. The parts of the will upon which a
construction is prayed for are as follows:

"1. . . . I give and bequeath to my beloved wife, Mary
Olson, all my property both real and personal property, with
full power and control of the same. 2. After the death of

my said wife it is my wish that what remains of the property shall be divided equally between my three sons, *Carl Olson, Alfred Olson,* and *Ingwald Olson,* upon the express condition that my said sons shall during the lifetime of my said wife assist her in operating the farm and taking care of the property, also to pay to each of my four daughters, *Mrs. Ida Wallender, Mrs. Lise Bergum, Inga Olson,* and *Nellie Lindseth,* the sum of $100, and to pay to my son *Edward Olson* the sum of $300."

Erick Olson died in 1910 and his wife in 1914. The county court held that the widow did not take a fee, but a life estate coupled with the power to dispose of the *corpus.* if necessary, and that upon her death the property remaining should be divided as directed in the second paragraph of the will—the sons having fulfilled the conditions thereof. A granddaughter, *Olga Marie Buro,* was found by the county court to be intentionally omitted from the will. Upon appeal to the circuit court the judgment of the county court was affirmed, and from such judgment of affirmance *Olga Marie Buro, Nellie Lindseth, Ida Wallender,* and *Lise Bergum* appealed.

For the appellants there was a brief by *J. C. Ticknor* of Menomonie and *Solem & Solem* of Minneapolis, Minnesota, and oral argument by *Mr. Louis Solem* and *Mr. Ticknor.*

*J. C. Gilbertson* of Eau Claire, for the respondents *Carl, Alfred,* and *Ingwald Olson.*

VINJE, J. Appellants urge that the widow took a fee, and that upon her death, intestate, the property descended to her heirs; that the second paragraph of the will is too vague to change to a mere life estate the definite language of the first paragraph which devises a fee, and that the conditions attached, to the effect that the sons should assist the mother in the management of the farm, render the whole paragraph void because no one can tell whether they have been performed. The first contention was negatived by this

court in *Knox v. Knox,* 59 Wis. 172, 18 N. W. 155. There the will read: "I give, devise, and bequeath unto my wife, M., her heirs and assigns forever, all my real and personal estate, . . . and hereby request that at her death she will divide equally, . . . between my sons and daughters [naming them], all the proceeds of my said property, real and personal, . . . hereby bequeathed;" and it was held that the widow took a life estate in the property coupled with a trust as to the remainder in favor of the children. In that case there was merely a request that at her death the wife divide the remainder. In the case at bar the testator himself divides·it, leaving no discretion to the wife or to any one else. In *Jones v. Jones,* 66 Wis. 310, 28 N. W. 177, the rule in. the *Knox Case* was reaffirmed. It has also been, either directly or indirectly, recognized in the following cases: *Derse v. Derse,* 103 Wis. 113, 79 N. W. 44; *Stuart's Will,* 115 Wis. 294, 91 N. W. 688; *Auer v. Brown,* 121 Wis. 115, 98 N. W. 966; *Schneider v. Schneider,* 124 Wis. 111, 102 N. W. 232; *Perkinson v. Clarke,* 135 Wis. 584, 116 N. W. 229; and *Hovely v. Herrick,* 152 Wis. 11, 139 N. W. 384. Where the intention of the testator is clear, and where, in order to carry out such intention, it is necessary to follow precatory words, then such words are not advisory but mandatory. *Knox v. Knox,* 59 Wis. 172, 18 N. W. 155; *Swarthout v. Swarthout,* 111 Wis. 102, 86 N. W. 558; *Wolbert v. Beard,* 128 Wis. 391, 107 N. W. 663. In *Tabor v. Tabor,* 85 Wis. 313, 55 N. W. 702, and in *Conlin v. Sowards,* 129 Wis. 320, 109 N. W. 91, the precatory words were held advisory merely. In the present case it seems clear that it was the intention of the testator that what remained of the property after the wife's death should be divided among his sons upon the payment of the legacies provided for in the will and the performance of the other conditions. Such being the intention, the wife was given a life estate coupled with the power to dispose of the *corpus* of the property if

necessary for her maintenance, with the remainder over to the sons named.

We see nothing uncertain or vague in the second paragraph; nor is the condition that the sons should assist the mother in the management of the farm incapable of ascertainment. Like any other fact, if in dispute, it can be determined by the court. It was so determined in this case, the court finding that the condition had been complied with. The evidence sustains such finding.

Claim is made that the granddaughter, *Olga Marie Buro,* was unintentionally omitted from the will. Both the county and circuit courts found to the contrary. The evidence on the subject is very meager, but what there is seems to sustain the findings made. We shall not attempt to review it here.

*By the Court.*—Judgment affirmed.