Meinert and others, Respondents, vs. Roeglin and another, Appellants, and others, Respondents.

*May 31—June 25, 1919.*

*Wills: Creation of life estate: Suspension of power of alienation: Duration.*

1. A will devising land to a son to have and to hold the same to himself and his heirs forever, with a proviso that he shall not sell, but that the land shall go to his heirs after his decease, gives him a life estate only, with remainder to his heirs.
2. Such a devise does not offend the rule against perpetuities, since alienation is suspended only during the life of one person in being.

Appeal from a judgment of the circuit court for Ozaukee county: Martin L. Lueck, Circuit Judge. *Affirmed.*

Action to construe a will. In February, 1879, J. Friedrich Meinert executed his will which contained this devise:

"I hereby give, devise, and bequeath unto my son Syabe Friedrich Meinert the following real estate [describing a seventy-two acre tract], together with all the farm utensils and stock of horses, cattle, etc., on the place, to have and to hold the same to himself and his heirs forever, with the proviso that my son Syabe Friedrich shall not sell the land herein

bequeathed to him, but that the land shall go to his heirs after his decease."

The testator died in 1884.

At the time the will was executed the testator had two sons, Peter and Syabe, and three married daughters. He had previously given Peter forty acres of land and also his son John, since deceased, forty acres, and prior to his death had given each of his daughters $500, and one had given a receipt in full for her inheritance. Syabe was thirty-seven years old in 1879, never married, and lived with his father on the land devised, and continued to live there till his death in 1917. He devised the land to one *Caroline Roeglin,* who lived on the farm with him and his father in 1879. The trial court held that Syabe had only a life estate in the land and that upon his death it went to his heirs and not to the devisee in his will. From a judgment entered accordingly the devisee, *Caroline Roeglin,* and *Charles C. Wirth,* executor of the will of Syabe, appealed.

For the appellants there were briefs by *William F. Schanen* and *Albert W. Grady* of Port Washington, attorneys, and *James D. Shaw* of Milwaukee, of counsel; and the cause was argued orally by *Mr. Shaw.*

For the respondents there was a brief by *Carbys & Kenney,* attorneys, and *Kleist, Harriman & Knappe,* attorneys for *William Meinert* and *Johanna Brunholz,* all of Milwaukee; and the cause was argued orally by *J. O. Carbys* and *John C. Kleist.*

*Charles J. Kunny* of Port Washington, guardian *ad litem* for the minor respondents.

VINJE, J. Tested by the construction given similar wills by this court, especially in the cases of *Knox v. Knox,* 59 Wis. 172, 18 N. W. 155; *Hovely v. Herrick,* 152 Wis. 11, 139 N. W. 384; and *Will of Olson,* 165 Wis. 409, 162 N. W. 429, the circuit court, in view of the language of the will and the circumstances surrounding the testator at the time of its

execution, correctly held that Syabe took a life estate only with remainder to his heirs.

Such a devise does not offend the rule against. perpetuities, since alienation is suspended only during the life of one person in being.    Sec. 2039, Stats.

*By the Court.*—Judgment affirmed.