## WILL OF SMITH.

*December 14, 1921—April 11, 1922.*

*Wills: Construction: After-acquired real estate: Property in ex-pectancy: Absolute gifts or life estates: Right to use princi-pal: Appointment of trustee: Perpetuities: Estate substan-tially personal property: Conversion of real estate.*

1. A will which, after making specific devises and bequests, con-tained a gift of the residue of the property of the testatrix, real, personal, or mixed, "in possession or expectancy," there being nothing in the will restricting the term "expectancy" to personal property, manifested an intention to dispose of after-acquired real estate within the provisions of sec. 2279, Stats.

2. Where the will gave the residuary estate to the children of the testatrix and provided that if any of the children died without issue or left no husband or wife his share should go to the surviving children; that if all should die without issue or hus-band or wife surviving the whole residue and remainder should go to third persons; and that if any child died before or after the death of testatrix leaving issue such issue should take the parent's share absolutely, the children of testatrix took only a life estate.

3. Directions in the will as to the disposition of the share of any deceased child always referring to such share and not to any remaining portion thereof, and there being no declaration that the children shall have any right to such share absolutely, the will is construed to show no intention to give the children as life tenants any right to consume for their own purposes any of the principal of their respective shares.

4. Under such a will the surviving husband or wife of any child dying without issue is entitled absolutely to the share of such deceased child, though there is no express provision to that effect.

5. Under the circumstances of this case it was the duty of the court to declare a trust created and appoint a trustee, though there was nothing in the will expressly indicating that the

testatrix intended to create a trust, or directing how it should be carried out, or providing for the conversion of real estate into personal property.

6. The will, construed as requiring the court to declare a trust created, does not violate sec. 2041, Stats., relative to successive life estates, where a substantial part of the property was personal property, since to effectually carry out the purpose of the testatrix the real estate should be converted into personalty and the entire estate administered as such, particularly where the great bulk of the estate was personal property and a considerable portion of the real estate was unimproved.

ROSENBERRY and OWEN, JJ., dissent.

APPEAL from a judgment of the county court of Milwaukee county: M. S. SHERIDAN, Judge. *Affirmed.*

November 22, 1908, Mary Eliot Smith made her will just prior to making a European trip. She was then the owner of certain real estate in the city of Appleton and of certain shares of bank stock and her personal effects. One of the pieces of real estate in Appleton was sold prior to her death.

In 1917 Mrs. Smith's father, Robert Eliot of Milwaukee, died intestate, leaving an estate of approximately $350,000, one half of which came to Mrs. Smith and comprised the great bulk of her estate at the time of her death. She died April 8, 1919, leaving surviving her husband, Franklin T. Smith, and three children, *Mary Eliot,* now Goodrich, *Robert Eliot,* and *August Ledyard Smith 3d.* The two sons were minors at the time of her death, but one has attained majority since.

Application was duly made for a construction of the will by the administrator with the will annexed. Upon such hearing a guardian *ad litem* was appointed for the unascertained remaindermen. The portions of the will deemed in anywise material for consideration on this appeal are as follows:

(1) Direction for the payment of debts, funeral expenses, and of last sickness.

(2) To the daughter the wearing apparel, jewelry, and personal ornaments with certain exceptions.

(3) A gift and bequest to the daughter and the two sons, share and share alike, of all her right, title, and interest in and to the three certain pieces of land in the city of Appleton, Wisconsin (the piece first described being sold prior to her death) ; also to them

(4) All her right, title, and interest in and to certain bank stock.

Then follow portions of the will directly involved on this appeal, to wit:

"And all the rest and residue of my property, real, personal or mixed, in possession or expectancy, I give, devise and bequeath to my daughter, *Mary Eliot Smith,* and my said sons *Robert Eliot Smith* and *Augustus Ledyard Smith,* share and share alike. And if either of my said children should, after my decease, die without issue living at the time of their death, or after my decease die leaving no husband or wife surviving, then and in such case his or her share shall go to. the survivor of my said children; and if all of my said children should die after my decease leaving no issue living at the time of their death, or husband or wife surviving, then and in such case the whole residue and remainder of my estate shall go over and be disposed of in the manner specified in the next paragraph hereof. If either of my said children shall die before my decease, or after my decease, leaving issue, such issue shall take absolutely all the share which the parent of such issue had at the time of the death of such parent, or such share as the said parent would have had if he or she had survived me, as the case may be.

"In case that neither of my said children nor any issue of either of them survive me, or in case either or all of my children do survive me, but after my death and at the death of the last survivor of them there be no issue living of any of my said children or husband or wife of either of my said children surviving, as the case may be, then and in either of these two cases, I give, devise and bequeath to my father,

Robert Eliot [here follows a provision as to the Appleton real estate which was sold by testatrix] ; . . . and I will and bequeath to my cousin Amy Cross, the aforesaid numbered shares of bank stock in the National Exchange Bank of Milwaukee, Wisconsin, and all the rest and residue of my property, real, personal and mixed, to my cousin, Dorothy Kershaw, her heirs, executors, administrators and assigns, but if she, the said Dorothy Kershaw, should die before my aunt, Mrs. Julia W. Emmons, and my cousin Mary Christie Emmons, then and in such case it is my will that all the rest and residue of my property, real, personal and mixed, shall go to the said Julia W. Emmons and Mary Christie Emmons, share and share alike, or to the survivor of them, as the case may be."

Recital as to the omission to make any provision for her husband.

Appointment of her husband as guardian of the children if they be minors at the time of her death.

The appointment of an executor.

Attached to the will is a writing in substance reciting knowledge of the execution of the will and waiver by the husband of any rights in and to her estate.

Some testimony was taken upon the hearing but it is not deemed material to set forth here.

The county court made findings of fact and conclusions of law, the material parts of which, other than those embodied in the foregoing statement of facts, were to the effect that the shares of bank stock mentioned in the will were of the value of about $13,000; that she died seized of improved real estate in the city of Milwaukee valued at about $45,000, of unimproved real estate in the state of Michigan worth about $22,100, and in the state of California of about $500 value; that the real estate in the city of Appleton of which she died seized was worth about $3,200, and that the balance of the estate consisted of personal property appraised at about $302,000.

As conclusions of law the court construed the will to provide substantially as follows:

1. The daughter to take the wearing apparel, jewelry, and personal ornaments absolutely.

2. The three children to take each an undivided one-third in fee simple of the Appleton real estate.

3. The three children to take absolutely, share and share alike, the bank stock.

4. That the bequests over of said bank stock were void for repugnancy.

(No question is raised here by exceptions or appeal to the foregoing four conclusions.)

5. That a trust is created for the rest and residue of the estate, both real and personal, after payment, etc.

6. That the three children take a life interest in such trust estate, share and share alike.

7. That as each of the said children of testatrix dies, an undivided one-third part of the principal of such trust fund shall be paid over to the issue of such deceased child equally, or if no such issue survive such deceased child, then to the husband or wife, as the case may be, if any surviving such deceased child; if there be surviving neither issue, husband, nor wife, then such undivided one-third part of the principal of the trust estate shall still form a part of such trust and be disposed of in the same manner for the benefit of the surviving children or child of the testatrix and their or its issue, husband, or wife; the surviving issue of any deceased child to take by right of representation.

8. At the death of the last surviving child of the testatrix, there then being surviving no issue, husband, or wife of any of the children of testatrix, then any balance of the trust fund remaining shall be paid over to Dorothy Kershaw, testatrix's cousin, if then living, otherwise to the other cousin, Mary Christie Emmons.

9. That a trustee be appointed either by choice of the parties or by order of the court to administer said trust; that such trustee take title to all the property, real and per-

sonal, with the power, under the direction of the court, to sell, convey, and pass title to such property, either real or personal, and to invest and reinvest the proceeds thereof.

The three children of Mrs. Smith have appealed to this court from so much of the judgment construing the will as in effect gives the three children a life estate merely in and not absolute title to the residue and bulk of the estate, and from so much thereof as declares the creation of a trust to administer said estate; and from so much as in effect determines that the children do not have at least a vested estate in the bulk of said estate, both real and personal, subject to be divested upon the happening of certain contingencies; and to so much thereof as in effect declares that the children are not entitled to the present possession of the property without intervention of a trustee and to the absolute use of the income thereof and portions of the principal as may be required.

The construction of this will in the court below is supported here on behalf of the unascertained remaindermen by their guardian *ad litem*, Mr. Joseph H. Marshutz.

*Edgar L. Wood* of Milwaukee, for the appellants.

For the respondents there was a brief by *J. H. Marshutz,* guardian *ad litem,* and *I. A. Fish,* of counsel, both of Milwaukee; and the cause was argued orally by *Mr. Marshutz.*

The following opinion was filed January 10, 1922:

Eschweiler, J.   While the will of a testator, when not violating statutory or judicial prohibitions, should be the law of his will, the one here presents difficulties in arriving at any satisfactory conclusion as to what were the mental conclusions of the testatrix, at the time she executed the document, as to her wishes for the future disposition of her property.

At the time she made her will Mrs. Smith possessed but a relatively small amount of property, principally bank stock and certain real estate in Appleton.   Some of the real estate

was sold by her, and by far the greater part of her estate came to her by inheritance from her father a number of years after the making of the will and about two years preceding her own death, and is mainly personal property.

Before discussion of the principal questions involved it is necessary to decide the contention urged on behalf of the three children of Mrs. Smith, the appellants here, that the real estate she acquired by inheritance from her father, being acquired subsequent to the making of the will, did not pass thereby and should be disposed of as intestate property. This raises the question whether it manifestly appears by the will, pursuant to sec. 2279, Stats., that it was her intention that her after-acquired real property should pass by the provisions of the will. The will makes specific devises and bequests of the property she had at the time of the making of the will. It then groups, for the purpose of distribution, all the rest and residue of her property, real, personal, or mixed, in possession or expectancy. The term *expectancy* is of significance and weight in this respect. Its use in the will distinguishes property she might thereafter acquire from property then in her possession. By the language used she expressed what must be considered in law an intention to dispose of subsequently acquired personal property, and by the same expression she also included real property. There is nothing restricting the term *expectancy* to personal property merely. It is clear, therefore, that the will does show on its face an intention of the testatrix to dispose thereby of her after-acquired real estate, and the trial court was correct in so holding.

The two main questions presented are: first, what is the nature of the property interest that is given to her children; second, whether there are sufficient directions in the will to require the appointment of a trustee and the creation of a trust to administer her residuary property, either personal or real, or both.

Will of Smith, 176 Wis. 494.

The appellants contend that under these provisions it must be held that the children received absolute title to both the real and personal property included in the residuary clauses, or, in case such contention cannot be sustained, that then it should be held that they take a present title to such property with the right to the possession thereof, the income therefrom, and possibly the use of some or all of the principal thereof during their lives, with possible conditions subsequent thereto attached.

By the first sentence of the residuary clause the testatrix gives, devises, and bequeaths to her daughter and the two sons, share and share alike, all the rest and residue of her property. If the clause had ended there it would have ended the present difficulty. It would have given to the three children complete and absolute title to her personal property. It would have given the same complete and absolute title to the real property that she herself had at the time of her death, for evidently under sec. 2278, Stats., such would be the effect of the will, it not clearly appearing therefrom that she intended to convey any lesser estate.

Were such her intention, then the children and not she would have the absolute and uncontrollable right, so far as any wish on her part was concerned, to dispose of the respective shares which they would receive under her will at the time of her death, or title thereto would pass from them by the statute regulating distribution of estates, they dying intestate after her decease. She indicates, however, plainly that she desires a voice and choice in the distribution of her property under conditions and contingencies which cannot arise until after her death. The situation in that respect here is somewhat similar to that discussed in the case of *Will of Elmore,* 165 Wis. 266, 271, 162 N. W. 438.

She has in mind as possible beneficiaries of her property at least three distinct classes, namely: first, her own children specifically designated by name; second, the children

born to any or all of her designated three children; and third, the spouse, if any, surviving the death without issue of any of her designated three children.

To construe the will as contended for by appellants, as giving to them, the first of such classes, the entire title and interest in and to her residuary property, would necessarily set aside and disregard all of the language that she uses in the will with reference to those other classes of possible beneficiaries.  Furthermore, it must be noted that to only one of the three of the above mentioned classes is it declared that title to any of her property shall go absolutely (thereby evidently including the idea of complete and full title, possession, and control), and that one is the second of such classes, namely, the child or children of her own children. If it can be said that she indicates anywhere in the clauses of her will now under consideration an intention to favor any particular one of the three classes over the others, it would be the second of those classes rather than the class made up of her three children.  And it should be noted that this second class refers to a class who may come into existence either before her own death or. subsequent thereto, so that the children of a child predeceasing the testatrix form a class specific and definite at the time of the death of the testatrix and then step absolutely and completely into the share meant for their parent, and children, born or unborn at the time of the testatrix's death, by the death of a child of the testatrix subsequent to her own death step in, at the time of such subsequent death, to a definite and fixed one-third share of the residuary property, and which one-third share became fixed and definite at the time of Mrs. Smith's death.

Under these considerations we are satisfied that we must say that there appears on the face of this instrument an intention on her part to limit the interest and estate given to each of her three children to a life estate merely.  *Knox v. Knox*, 59 Wis. 172, 18 N. W. 155; *Allen v. Boomer*, 82

Wis. 364, 371, 52 N. W. 426; *Swarthout v. Swarthout,* 111 Wis. 102, 111, 86 N. W. 558; *Meinert v. Roeglin,* 169 Wis. 531, 532, 173 N. W. 224.

These considerations, as well as the further feature that in all her directions as to what is to be done upon the death of any of her children either before her own death or after the term is invariably used as of such child's share rather than any remaining portion of any such share, compel us to hold that it was not the intention of the testatrix, so far as it can be spelled out from the will itself, that the children should have the right to consume for their own purposes any of the principal of such respective shares. *Schneider v. Schneider,* 124 Wis. 111, 102 N. W. 232; *Meyer v. Garthwaite,* 92 Wis. 571, 575, 66 N. W. 704; *Jones v. Jones,* 66 Wis. 310, 317, 28 N. W. 177. The omission of any declaration by the testatrix that her children shall have the right to use or consume or have power and control over any portion of such shares, must be construed as significant and important, in view of the weight attached to the use of such terms in cases like *Otjen v. Frohbach,* 148 Wis. 301, 309, 312, 134 N. W. 832, and cases there cited; *Will of Olson,* 165 Wis. 409, 411, 162 N. W. 429.

The trial court also held that in the event either of the children of Mrs. Smith should now die leaving no surviving issue but a surviving spouse, such surviving spouse should receive absolutely the then present interest of such deceased child. There is no express language in the will expressly so declaring such as is found with reference to any surviving issue of such child, and while it may seem rather a strained construction to hold that such surviving spouse was intended to take to the exclusion of any surviving child or children of Mrs. Smith and to the exclusion of the ultimate remaindermen in the absence of express language to that effect, nevertheless we must adopt the view of the trial court in that regard. To hold otherwise would be to ignore the evident purpose of the testatrix to create such a possible class of

beneficiaries and to whom she expressly refers several times in the residuary clauses of her will. If they were not intended to be the objects of her bounty there was no reason for their being mentioned at all in the will. The reference to them, if given any other effect, would apparently suspend, during the life of such surviving spouse of a child dying without issue, any vesting anywhere of the estate and interest of such child of Mrs. Smith. We think, therefore, it is a proper construction of this will to hold as did the trial court that in the event of any death hereafter occurring to any child of Mrs. Smith who shall leave no issue but a surviving spouse, such surviving spouse shall then step into absolute possession and control of the share that such child of Mrs. Smith shall have a life estate in at the time of the death of such child.

Having held that the three living children of the testatrix each takes but a life estate under the residuary clause and are not entitled to the possession or use of any part of the *corpus* of such property, the conclusion is necessarily arrived at that to effectuate the purposes indicated in the residuary clauses in question as indicated above, some method must be provided by the court having jurisdiction over its administration that the *corpus* be preserved in the interests of the ultimate remaindermen, and that during such necessary period it be properly conserved and the income thereof paid to those holding the respective life estates therein.

There is no express language in the will indicating that the appointment of a trustee or the creation of a trust was purposed by the testatrix when the will was drawn and executed, nor is there to be found any direction as to the manner in which such suggested trust should be carried on, nor is any express language used indicating an intention on her part that the real estate she had at the time of her death, other than the Appleton property, was to be converted into personal property and the proceeds thereof administered

with the balance of the personal property. Manifestly such suggested omitted provisions are each and all material and important elements in the creation and conducting of any trust. · *Otjen v. Frohbach,* 148 Wis. 301, 308, 134 N. W. 832. Their omission, however, so far as any express language is concerned, does not necessarily deprive the court administering the estate of the power to declare such a trust created and to appoint a trustee, nor warrant avoiding the responsibility so properly assumed, as we now hold, by the trial court in so declaring.

To carry out what has now been declared to be the purposes of the will there is no other proper method known to the administration of the estates of deceased persons whereby such declared purposes of the testator can be effectually carried out. This, therefore, makes it the duty and gives the power to the court to do that which was done by the court below.

It is suggested that, there being real estate of considerable value included in the residuary clauses, to declare a trust as to such real estate for the purposes now held to have been the intention of the testatrix with regard to her residuary property would be to offend against the provisions of the statute, sec. 2041, because the successive estates for life created were to three rather than two children of the testatrix in being at the time her will took effect. ·

Under the rule declared in this state it has long been held that where, as here, a very substantial part of the property involved is personal property, the validity of a trust for which is in nowise impaired by any rule against perpetuities, it is proper to consider if there be evident in the will a broad general direction, to be read by implication therefrom when necessary as in this particular instance, that the property is to be conserved as a whole. Particularly is that so where, as here, a very considerable portion of the real estate involved is unimproved property and the great bulk of the

property included in the residuary clauses is personal property. From all this it is legally and imperatively apparent that to effectually carry out the now declared purpose of the testatrix the real estate should be converted into personal property and the entire amount of the property then administered as such. This doctrine has been settled as the law of this state in the case of *Becker v. Chester,* 115 Wis. 90, 117, 91 N. W. 87, 650, and subsequent cases such as *Wolbert v. Beard,* 128 Wis. 391, 395, 107 N. W. 663; *Swarthout v. Swarthout,* 111 Wis. 102, 111, 86 N. W. 558; *Danforth v. Oshkosh,* 119 Wis. 262, 275, 97 N. W. 258; *Benner v. Mauer,* 133 Wis. 325, 329, 113 N. W. 663; *Williams v. Williams,* 135 Wis. 60, 67, 115 N. W. 342; *Foote v. Foote,* 159 Wis. 179, 184, 149 N. W. 738, and it needs no further discussion.

The disposition we have now made of this matter renders unnecessary discussion of any of the other matters presented and argued.

· *By the Court.*—Judgment affirmed.


Rosenberry, J. (*dissenting*). I regret that I am unable to agree with the court in the disposition of this case. To my mind a very much more satisfactory disposition of the case would be to hold the residuary clause void for uncertainty. 1 Schouler, Wills (5th ed.) § 591; 6 L. R. A. N. S. p. 976, sub. XVI. Realizing, however, that it is the duty of the court, if possible, to place upon the will some interpretation which will sustain it, I am convinced that it was the purpose of the testatrix to give the residue of her property to her children absolutely, with a proviso that if they should die unmarried or without issue such estate as then remained should be disposed of to the persons named. I cannot persuade myself that the testatrix ever intended to limit the enjoyment of her estate in the hands of her children to the income thereof during the term of their natural lives, and I cannot escape the conclusion that the disposition now

made of her estate is one never contemplated by the testatrix.

Mr. Justice OWEN concurs in this dissent.

A motion for a rehearing was·denied, without costs, on April 11, 1922.