WILL OF DOE: PAINE, Appellant, vs. SHERO, Respondent.

*February 11—March 8, 1927.*

*Wills: Construction leaning toward laws of descent: Trusts: Intention of testator: Precatory language: "Our children" used by testator leaving children by different wives.*

1. In construing wills, in cases of doubt courts lean to the rule of descent; and in order to create a trust the intention of the testator must be manifest and mandatory.   p. 335.
2. The will of a lawyer, devising practically all his property to his wife, "well knowing" that she would make wise use thereof and would leave the residue to "our children," considered with the subsequent statement that the reason he left his daughter

by another marriage only certain silverware was because of her share in an insurance policy on testator's life, is construed to create a trust.    p. 336.

3. The words "our children" as used in the will are construed to refer to the children by testator's second wife, to whom the residue of the estate passed in trust, and to exclude a daughter by a former wife.    p. 337.

APPEAL from a judgment of the county court of Milwaukee county: M. S. SHERIDAN, Judge.    *Affirmed.*

Action to construe the will of Joseph B. Doe, deceased, which so far as here material reads:

"First.    After the payment of my funeral expenses, expenses of my last sickness, and all my just debts, I give and devise all my real estate, of every name and nature, wherever situate, to my wife, Gertrude Brittan Doe.

"Second.    I give and bequeath to my son, Arthur Brittan Doe, the three elk heads and all my Indian trinkets, my service medal in the Wisconsin National Guard, all my prizes for rifle shooting, my golf clubs and bag, my Winchester rifle and cartridge belt, my gold watch and chain and gold-headed cane, which was my father's, my billiard cue, my gold-plated sword, the letter from my grandfather, with its frame, all my law books, with their cases, the two large portraits, in oil, of my father and mother, respectively, the large portrait in oil of my grandmother, and the small portrait of my grandfather.

"Third.    I give and bequeath to my daughter, *Julia Doe Shero,* two hundred and fifty (250) volumes of my books, other than law books, to be selected by her within six months after my death, my Keene medal, and the large vase, which is a golf prize.

"Fourth.    I give and bequeath to my daughter, *Kate Doe Paine,* the silver spoons which belonged to my mother, and the reason I leave her nothing else, in this my last will and testament, is because my life is insured in the Northwestern Mutual Life Insurance Company for the sum of three thousand ($3,000) dollars, two-thirds (2/3) of which is payable to my said daughter, *Kate Doe Paine,* upon my death. The number of the policy is 634270.

"Fifth.    I give and bequeath all the rest, residue, and remainder of my personal estate, of whatsoever kind or nature

or wherever situate, to my said wife, Gertrude Brittan Doe, well knowing that she will make wise use of the same and will leave the residue thereof to *our* children, upon her decease.

"Sixth.    I hereby appoint my said son, Arthur Brittan Doe, executor, without bonds, of this my last will and testament."

The deceased had been twice married.    The daughter *Kate Doe Paine* was a child by the first marriage.    Arthur Brittan Doe and *Julia Doe Shero* were children by the second marriage.    His wife, Gertrude Brittan Doe, predeceased the testator.

The questions for construction were: Did the will, and especially the fifth paragraph thereof, create a trust in favor of *our* children? and Who was meant by *our* children?    Did it mean the children by the second marriage only or the children by the two marriages?

The trial court held a trust was created in favor of the children by the second marriage only, and from a judgment entered accordingly *Kate Doe Paine* appealed.

For the appellant there was a brief by *Olwell & Brady* of Milwaukee, and oral argument by *L. A. Olwell.*

For the respondent there was a brief by *Hoyt, Bender, McIntyre & Hoyt* of Milwaukee, and oral argument by *Ralph M. Hoyt.*

VINJE, C. J.    It is clear that unless a trust was created the legacy to his wife lapsed because she predeceased him.    *Will of Griffiths,* 172 Wis. 630, 179 N. W. 768.    Did the will create a trust?    In cases of doubt courts lean to the rule of descent (1 Page, Wills, 2d ed., § 817), and in order to create a trust the intention of the testator must be manifest and mandatory.    28 Ruling Case Law, 243.

Testator was a lawyer of experience and ability; was about sixty-five years old at the time of the execution of the will; had suffered a paralytic stroke and was in poor health, but

mentally competent to make a will. His wife was in fair health and about sixty-one years old. It is probable that he expected her to survive him, but being a lawyer he no doubt took into account the contingency that she might not.

Our court has a number of times dealt with the subject of the creation of a trust by precatory language in a will. Thus in *Knox v. Knox,* 59 Wis. 172, 18 N. W. 155, it was held. that the words "having full confidence in my said wife and hereby request" that at her death she will divide, etc., created a trust. In *Swarthout v. Swarthout,* 111 Wis. 102, 86 N. W. 558, the language, "It is my wish" that certain property mentioned devised to his wife should go to the children at her decease, was held to create a trust. The same ruling was made in *Will of Olson,* 165 Wis. 409, 162 N. W. 429.

The words "well knowing" used in the will of testator have not, so far as we can discover, been passed upon by our court, but they have been considered in other jurisdictions and have been held equivalent to mandatory directions. *Briggs v. Penny,* 49 Eng. Ch. 422; *Bardswell v. Bardswell,* 9 Sim. 319; 1 Perry, Trusts (6th ed.) § 112; 1 Lewin, Trusts, 130. Likewise the following words have been held to be mandatory: "In the full faith," *Noe v. Kern,* 93 Mo. 367, 6 S. W. 239; "Feeling assured and having every confidence," *Gully v. Cregoe,* 24 Beav. 185; "under the firm conviction," *Barnes v. Grant,* 26 L. J. Ch. N. s. 92; "in the fullest confidence," *Wright v. Atkyns,* 17 Ves. 255; *Curnick v. Tucker,* L. R. 17 Eq. 320. It will thus be seen that there is good authority for holding that the words "well knowing," used in the fifth clause of the will, are sufficient to create a trust. That they were intended to do so becomes quite certain when we take into consideration the language used in the fourth clause where the testator, speaking of his daughter *Kate,* states, "the reason I leave her nothing else" (than the silver spoons) "in this my last will and testament is" be-

cause of her share in an insurance policy. It is true that mere negative words of exclusion do not debar an heir from taking intestate property (1 Page, Wills, 2d ed., § 818; *Matter of Trevor,* 239 N. Y. 6, 145 N. E. 66); but the language quoted, coming from an able lawyer, shows that he intended to create a trust, because if he did not, and his wife predeceased him, he would leave intestate property that would descend to all his children and *Kate* would then receive more than he says in his will that he leaves her. If a trust is created the language in paragraph four is true. If no trust is created it may not be true. We must assume he intended to state that which would correspond to his intention no matter what contingencies arose. Our conclusion is that the trial court properly construed the will as creating a trust in favor of *our* children.

That by the words *our children* the testator meant only the children by the second marriage is made quite clear by the language of the fourth paragraph. *Kate* was intended to be excluded by the words "our children" because if not excluded she would share equally in the trust estate. This the testator intended she should not do when he left her only the silver spoons. While the negative language used by the testator is not held to debar *Kate* from taking, it is considered very significant as to whether or not a trust was created and as to what he meant by the words "our children." We think the whole will as written clearly indicates that the trial court reached the correct conclusion, and therefore we refrain from adverting to the financial conditions of the children as tending to sustain such conclusion.

*By the Court.*—Judgment affirmed.