ESTATE OF COBEEN : SCHULER, Guardian *ad litem,* Appellant, vs. COBEEN, Administratrix w. w. a., Respondent.

*September 12—October 11, 1955.*

546

For the appellant there was a brief and oral argument by *Howard W. Schuler* of Milwaukee, guardian *ad litem.*

For the respondent there was a brief by *Steinmetz & Steinmetz,* attorneys, and *C. R. Steinmetz* of counsel, all of Milwaukee, and oral argument by *C. R. Steinmetz.*

BROADFOOT, J. The guardian *ad litem* contended before the trial court and now contends (1) that under the terms of the will the widow is entitled to use only the income from the personal property in the estate and that she is not entitled to use or otherwise dispose of any of the principal thereof; (2) that by implication a trust is created for the benefit of the life tenant and remaindermen, and that a trustee should be appointed to carry out the terms of the will and conserve the

assets for all beneficiaries; (3) that the jointly owned property is to be included in the trust.

On the other hand, the widow contends that she is entitled to the unrestricted use of the entire property in the estate for her support, maintenance, and enjoyment, as she shall deem best, including the right to invade the corpus, although she admits that she does not have the right to give away or dispose of said property for any purpose other than for her own use and benefit. She also contends that no trust, either express or implied, is provided for by the will and that no trustee should be appointed. She concedes that the property owned in joint tenancy is included in the estate to be administered.

To properly construe the will it is first necessary to determine the meaning of the word "use." The trial court relied upon a definition thereof by this court in *Estate of Holmes,* 233 Wis. 274, 289 N. W. 638. In that case the testator, by his will, made the following provision for his widow (p. 276):

"Third, to my wife, Lillian B. Holmes, I give, devise and bequeath all the rest, residue and remainder of my estate, real or personal wherever situated, to have and to hold for the term of her natural life, to use and spend the income thereof and to use and spend so much of the principal thereof as she shall see fit, hereby giving and granting unto my said wife, full power and authority to sell or convert into cash any of the real estate or personal property of which I may die seized or possessed and to invest and reinvest the proceeds thereof, it being my intention to give my said wife full and complete authority to hold, manage, use and dispose of my entire estate in whatever manner she shall see fit without being in any way responsible to any person for her use and management of the said property and without her being required to make any accounting whatsoever of her use of the said property."

In construing the third paragraph of the Holmes will, this court used the following language (p. 280):

"The word 'use' in the will should be given effect according to its common and primary meaning. 'To use' is to make use of, to put to one's use or benefit, to use up, to consume, to employ to one's service or benefit, to use so as to derive service therefrom. Giving the use of a thing, does not give the thing itself, but implies that the thing is to be held and employed for the benefit or enjoyment of the beneficiary. A great number of cases to this general effect are cited in Words and Phrases, 1st, 2d, 3d, 4th, and 5th series, many of them referring to the meaning of the word in devises of real estate to the use of the devisee. So construing it, the will manifests the intent of the testator that his wife should have the right to the fullest disposition of the property necessary to satisfy her needs or her wishes so long as the proceeds were used by herself or for her for that purpose. The will as a whole manifests intent to secure to the widow the means to provide for her needs and to satisfy her wants and desires. The carrying out of that intent negatives the idea that she might destroy that means by giving the entire property to a church or to some charity or to the furtherance of some 'cause' in which she might become interested. The testator did not intend that the widow might thus defeat his obvious main purpose."

In 91 C. J. S., Use, p. 515, in discussing the word "use" as a noun, the following statement is made:

"As a general rule, the 'use' of a thing does not mean the thing itself, but means that the user is to enjoy, hold, occupy, or have in some manner the benefit thereof; and in this sense 'use' is the right to enjoy, hold, or occupy, and have the fruits. Thus, if the thing to be used is in the form or shape of real estate, the use thereof is its occupancy or cultivation, etc., or the rent which can be obtained for its use. If the thing to be used is money or its equivalent, generally speaking, its 'use' is the interest which it will earn."

In the same volume, on page 519, in discussing the word as a verb, the following statement appears:

"It has been stated, *supra,* p. 518, note 31, that the word 'use' in a more comprehensive sense, may imply employment

to the extent of a complete appropriation, expenditure, or consumption of the thing employed, and in this sense 'use' is defined as meaning to consume; to use up; to exhaust; to disburse; to expend; to consume or exhaust by using, to leave nothing of; to leave no capacity of force or use in."

*Estate of Holmes, supra,* is cited in the footnotes following each of the above quotations as authority. In discussing the word "use" as a noun, it is stated that the Wisconsin rule is to the effect that giving the use of a thing does not give the thing itself but implies that the thing is to be held and employed for the benefit or enjoyment of the beneficiary. In discussing the word "use" as a verb the Wisconsin rule is stated as meaning to use up or to consume. In *Estate of Holmes, supra,* the testator gave his widow the right "to use." The word was there used as a verb. In the present case the widow was given the "use and income" thereof, and the word is used as a noun. We do not mean to say that the sole test is whether the word is used as a verb or a noun. The usual tests for will construction will always apply.

Our attention has been called to *Will of Doerfler,* 225 Wis. 418, 419, 273 N. W. 460. In that case the pertinent provisions of the will were:

"2d.—Everything I own or possess . . . I give, devise and bequeath to my wife Julia, for her use and enjoyment during her life. . . .

"3rd.—After the death of my wife the balance is to be divided as follows:"

In that case the court held that by using the words "the balance" the testator contemplated that the widow could use and consume such part of the principal as was necessary for her support and maintenance. In the present case the will states that "the above property" shall be distributed to the remaindermen at the death of the widow.

In the present case the language employed by the testator must be given its common and ordinary meaning. Thus, the

widow has the right to occupy the homestead or to rent it and receive the rent, but as to the money and securities the use is the interest which it will earn and the income which it will bring.

Our court has dealt with the subject of the creation of a trust when there is no express language in the will indicating that the appointment of a trustee was directed by the testator. In *Knox v. Knox,* 59 Wis. 172, 175, 18 N. W. 155, it was held that the words "having full confidence in my said wife and hereby request" that at her death she will devise, etc., created a trust. In *Swarthout v. Swarthout,* 111 Wis. 102, 103, 86 N. W. 558, the language "it is my wish" that certain property devised to his wife should go to the children at her death, was held to create a trust. See also *Will of Smith,* 176 Wis. 494, 186 N. W. 180.

No power of sale or reinvestment of the funds was given to the executor by the terms of the will. It would be impractical to continue the estate during the life of the widow. We can see no other proper or practical method whereby the declared purposes of the testator can be effectually carried out except through the appointment of a trustee.

It appears from the record that three of the four children of Charles Cobeen, who are of full age and competent, have made an assignment of their respective interests in the estate to Selma Cobeen. There is no necessity that the entire estate be assigned to a trustee, for at the present time it appears that the widow is entitled to three fourths of the net estate free from the claims of the remaindermen. The will further directs that the property be held by the survivor during her lifetime. This indicates a preference that Selma Cobeen be appointed as such trustee. Her wishes should be followed, therefore, in the appointment of a trustee.

The widow conceded in her brief that the jointly owned property is included in the property to be administered. Taken literally, the concession is too broad. Where, as here, there

are two joint tenants, the shares of each were in the property jointly owned and only one half thereof need be included in the estate under the rule announced in *Will of Schaech,* 252 Wis. 299, 31 N. W. (2d) 614.

*By the Court.*—Judgment reversed. Cause remanded for further proceedings in conformity with this opinion.