ESTATE OF JAMES: BRINDLEY and another, Appellants, vs. FOWELL, Guardian *ad litem,* and others, Respondents.

*April 3—May 1, 1956.*

52

For the appellants there was a brief and oral argument by *Lorin L. Kay* of Richland Center.

For the respondents there was a brief by *Black & Fowell* of Richland Center, and oral argument by *George N. Fowell*.

BROADFOOT, J.   The appellants state the question involved on the appeal as follows:

"Whether by her will testatrix intended that the entire residue of her estate be subject to a trust for the purpose of paying taxes and insurance upon a parcel of real estate subject to a life estate, and one half thereof until it be judicially determined that one of the residuary legatees had kept a promise not to raise his children in the Catholic faith."

All of the arguments of appellants are addressed to that one question.

Although the parties cannot agree on their application they do agree that the basic rules to be followed in the construction of this will are: (1) The prime purpose of will construction is to ascertain the intention of the testatrix; (2) to ascertain that intention the entire instrument must be considered; and (3) case law is of little assistance when compared with the language of the will itself.

The appellants contend that paragraph 5 of the will does not create a trust for the reasons that no trustee is designated, the dates of commencement and termination of the trust are not prescribed, and the conditions of the trust are not designated therein. Those are not valid arguments. Courts, including our own, have held many times that where reasonably necessary to carry out the intention of a testator devises and bequests may be considered to be in trust even when there is no express language in the will providing therefor. *Estate of Cobeen,* 270 Wis. 545, 72 N. W. (2d) 324; *Will of Smith,* 176 Wis. 494, 186 N. W. 180.

The appellants further contend that paragraph 4 clearly grants to Richard Briggs Brindley an absolute and unqualified one-half share of the residue of the estate. Our attention is then called to two recognized rules of construction. First, where a gift has been made in clear and positive language by a will, it will not be construed to cut down that gift unless a provision of the will definitely and positively expresses that intent, and second, that the law favors the early vesting of title.

With reference to the first rule, the trial court determined that the will clearly expressed the intention of the testatrix that the condition of paragraph 5 of the will attached to the gift and would defeat it upon failure on the part of Richard to perform that condition. We agree with that determination.

As to the second contention, we cite the following quotation from *Estate of Ryan,* 224 Wis. 12, 14, 271 N. W. 411:

> "Petitioner relies strongly upon the general rule that the law favors the early vesting of title, and that a reasonably clear intention to the contrary must be read out of the will in order to postpone it. *West v. Andrews,* 166 Wis. 509, 166 N. W. 31; *Will of Owens,* 164 Wis. 260, 159 N. W. 906; *Williams v. Williams,* 135 Wis. 60, 115 N. W. 342; *Will of Fouks,* 206 Wis. 69, 238 N. W. 869. This principle is too well established to warrant extended discussion or the citation of all the cases establishing it. It must be considered, however, in connection with another rule thus stated in *Flint v. Wisconsin Trust Co.* 151 Wis. 231, 238, 138 N. W. 629.
> " 'The rule of law which favors vested estates rather than contingent ones at the present time is practically a rule of construction that may have controlling weight in a close or doubtful case, but cannot be invoked to defeat the intent of the testator when that intent is reasonably clear.' "

The appellants advance the following arguments in support of their contention that paragraph 5 of the will should be disregarded: (1) If said paragraph requires the creation of a trust it might result in a violation of sec. 230.15, Stats., in that it might suspend the power of alienation for a longer period than during the continuance of a life or lives in being at the creation of the estate and thirty years thereafter; (2) the language of paragraph 5 may be precatory only; (3) the 5th paragraph may be against public policy; (4) the 5th paragraph is so uncertain as to require it to be disregarded.

The examples cited in support of the first argument are farfetched and cannot happen. The condition is imposed upon Richard alone and cannot extend beyond his lifetime.

This court has dealt a number of times with the subject of the creation of a trust by precatory language in a will and such language has been held to require the creation of a trust. *Knox v. Knox,* 59 Wis. 172, 18 N. W. 155; *Swarthout v. Swarthout,* 111 Wis. 102, 86 N. W. 558; *Will of Olson,* 165 Wis. 409, 162 N. W. 429; *Will of Doe,* 192 Wis. 333, 212 N. W. 781. Those decisions effectively answer the second argument.

The trial court held that the conditions outlined in paragraph 5 are not void as contrary to public policy. The weight of authority throughout this country is to the effect that a testator has the right to make the enjoyment of his bounty dependent on the condition that the recipient renounce, embrace, or adhere to a particular faith. Many such cases appear in an annotation in 25 A.L.R. 1523. A leading case cited throughout the country in support of that rule is *Will of Paulson,* 127 Wis. 612, 107 N. W. 484. It is suggested that this case is different because the compulsion is not upon the beneficiary but upon his children. We are unable to agree. The condition is imposed upon Richard only, and it requires him to use his parental influence to accomplish a certain result. The testatrix had a right to burden the gift to Richard with the condition imposed.

The trial court further held that the language of paragraph 5 of the will is not void for uncertainty. The intention of the testatrix is clear. In addition, the will specifically provides that if questions arise thereunder such questions shall be submitted to the county court of Richland county for determination. We cannot imagine any question arising thereunder that cannot be settled by judicial determination.

The appellants further contend that if paragraph 5 of the will is an effective modification of paragraph 4 thereof, it creates a condition subsequent. The same arguments are advanced that were used in support of other contentions. This argument, like all of the others, is addressed to the

necessity for the creation of a trust. Trusts have been created by probate courts in many instances for the protection of remaindermen where personal property is involved. 31 C. J. S., Estates, p. 151, sec. 132 *et seq.;* Anno. 46 A. L. R. (2d) 502.

"Conditions subsequent in wills are frequently interpreted as imposing a trust rather than as fixing conditions which would take the property away from the devisee for failure to comply with them." 57 Am. Jur., Wills, p. 1019, sec. 1504.

No inventory appears in the record, but the record does disclose that the estate is large and that a substantial part thereof is in personal property. The trial court had much more information available to it than do we. Because of the substantial amount of personal property involved, we agree with the trial court that the intention of the testatrix can best be carried out by means of a trust.

The appellants further contend that paragraph 2 of the will does not require the establishment of a trust. Since it has been determined that the provisions of paragraph 5 do require a trust, the appellants are not aggrieved by the determination so far as paragraph 2 of the will is concerned. None of the other parties appealed therefrom and the appellants are in no position to make an issue thereof.

*By the Court.*—Judgment affirmed.