ESTATE OF HORKAN: HORKAN (George A.), Appellant, vs. HORKAN (Glen) and another, Coexecutors, Respondents.

*September 12—October 9, 1956.*

For the appellant there was a brief and oral argument by *George T. Doherty* of La Crosse.

For the respondents there was a brief by *Langer & Cross* of Baraboo, and oral argument by *Clyde C. Cross.*

Currie, J. Appellant George A. Horkan advances the following contentions on this appeal:

(1) The final decree entered in his father's estate assigned the sum of $6,500 outright to him, and the language of the

proviso immediately following such outright assignment is meaningless and void;

(2) The trial court had no jurisdiction to rewrite a portion of the final decree so as now to find the creation of a trust;

(3) If resort can be had to the will in construing the final decree, then the will made an absolute bequest of $6,500 to George and any subsequent qualifying language in the bequest was vague and inconsistent and must be disregarded; and

(4) The delay of the executors in paying the balance of the legacy subjects them to legal interest from November 28, 1947.

In passing upon the appellant's petition it was necessary for the trial court to construe that portion of the final decree covering the assignment of the $6,500 legacy because of the words *"all in accordance with the terms and provisions of the will of deceased"* appearing in the clause in question in the final decree. In so doing it was proper for the trial court to resort to the terms of the will itself in construing such clause. *Will of Dolph* (1951), 260 Wis. 291, 296, 50 N. W. (2d) 448, and *Will of Greiling* (1953), 264 Wis. 146, 149, 59 N. W. (2d) 241. Furthermore, in interpreting the language employed by the testator in the clause of the will whereby the $6,500 was bequeathed to George it was proper for the learned trial court to take testimony of the surrounding circumstances existing at the time testator drafted his will. This testimony clearly disclosed George's financial irresponsibility and the desire of testator to protect George by not having the $6,500 paid outright to him at one time, but leaving it to the discretion of the brother and sister named as executors as to when and in what amounts such legacy with interest should be paid to George. In our opinion in the recent case of *Estate of James,* ante, pp. 50, 54, 76 N. W. (2d) 553, we stated:

"Courts, including our own, have held many times that where reasonably necessary to carry out the intention of a testator devises and bequests may be considered to be in trust even when there is no express language in the will providing therefor. *Estate of Cobeen,* 270 Wis. 545, 72 N. W. (2d) 324; *Will of Smith,* 176 Wis. 494, 186 N. W. 180."

We think the instant case is a proper one for application of the above-enunciated principle and, therefore, the trial court properly determined that testator's intention would be best carried out by construing the will as having bequeathed the $6,500 in trust. Furthermore, as pointed out by the trial court in its memorandum opinion, executors should not be permitted to hold an estate open for an indefinite period of time. While in some situations it may be necessary that the closing of an estate be delayed on the part of the executors, this is not such a situation. Here it can be avoided through the instrumentality of a trust with the executors qualifying as the trustees.

The qualifying language of the will immediately following the bequest of the $6,500 to George, and likewise the qualifying language of the clause immediately following the assignment of the $6,500 legacy to George, is not inconsistent with George acquiring a vested interest in such legacy. There is no question but that the interest acquired by George under the bequest is a vested one subject to no contingency, time of payment being only postponed. For a court to disregard such qualifying language of both the will and the final decree would fly in the teeth of the manifest intention of testator to restrict the time of payment to the discretion of the brother and sister named as executors.

We, therefore, conclude that the trial court properly concluded that a trust was created by the will with respect to the $6,500 bequest to George.

This leaves as the only remaining point to be considered the application to surcharge the executors with the payment

of interest at the legal rate of five per cent on the unpaid balance of the legacy computed from the date of the final decree.

The principal of the legacy was deposited in bank savings accounts which are eligible for the investment of trust funds,[1] and the circumstances justified the respondents in keeping the money in a bank savings account instead of investing in securities with a higher yield. The reason advanced by appellant for such surcharge is the alleged unwarranted delay of the executors in making payment of such balance. However, the determination that a trust was created giving the executors such discretion to withhold payment until such times as they deemed advisable in the interests of George to pay such balance of the legacy, makes untenable the reason advanced by appellant for penalizing the executors by requiring payment of legal interest.

*By the Court.*—Order affirmed.